B. L. E. REALTY CORPORATION, a corporation, *Appellant*, vs. MARY WILLIAMS COMPANY, INC., a corporation, and H. E. PRICE, et al., *Appellees*.

Division B.

Opinion filed April 20, 1931.

*Burket* and *Fish* and *F. W. Dart,* of Sarasota, Fla., for Appellant;

*C. Ray Smith* and *McDonald* and *Dennard,* of Sarasota, for Appellees.

DAVIS, J.—This is an appeal from two interlocutory decrees, the first of which granted a temporary injunction without notice and the second of which denied a motion to dissolve the injunction granted. Defendants in the suit were The Venice Company, The Venice Realty Corporation, the Brotherhood of Locomotive Engineers and the B. L. E. Corporation.

Only the B. L. E. Corporation, the appellant here, appeared at the hearing or joined in the application to dissolve the injunction which was against all the defendants and restrained them jointly and severally from in any manner selling, assigning, transferring, conveying or disposing of or attempting to sell, assign, transfer, convey or dispose of any or all property, real, personal and mixed, owned by the defendants or any of them in Sarasota County, and from removing or selling or undertaking to remove, sell or withdraw from the jurisdiction of the Court any or all of the personal property including bank deposits owned by them or either of them, located in said county and State.

The theory of the suit seems to have been that the bill filed was in the nature of a general creditors bill for the benefit of complainants and such other creditors as might join in the suit.

A creditor's bill is one brought by a creditor who has secured judgment at law, and has in vain attempted at law to obtain satisfaction, and who sues in equity for the purpose of reaching property which cannot be reached by execution at law. The nature, purpose and scope of such bill is to bring into exercise the equitable power of the Court to enforce satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. Armour Fertilizer Works v. First Nat. Bank, 87 Fla. 436, 100 So. 362.

A creditor's bill may not be maintained in this State unless there is either a judgment at law obtained or a suit at law pending against the defendant in such bill. Adams Brewing Co. v. Bowman, 92 Fla. 509, 109 So. 583.

It is only by virtue of Section 5035, C. G. L., 3229 R. G. S., that such a creditor's suit can be maintained in Florida before the claims of indebtedness of the persons filing the same shall have been reduced to judgment. Cates v. Allen, 149 U. S. 451, 37 L. Ed. 804; Post v. Roach, 26 Fla. 442, 7 So. 854.

It is also by the statute made necessary that there shall have been a suit brought at law in the proper court for the collection of a claim of indebtedness against the defendant. The mere institution of a suit at law for damages not involving a claim of indebtedness does not, under our statute, by its very terms, warrant a creditor's suit or the granting of extra-ordinary relief therein, such as an injunction or receiver.

It is also well settled that in any suit in chancery in such creditor's bill the complainant shall allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief, and if he omits essential facts therefrom, or states such facts therein as show that he is not

entitled to relief in a court of equity, he must suffer the consequences of his so doing. Godwin v. Phifer, 41 So. 597, 51 Fla. 441.

It is also the rule that before granting a temporary injunction or restraining order without notice, the Court should be satisfied that a clear case therefor is made by the bill, and also that it has been clearly made to appear that it is a case of urgent necessity and one in which irre- parable mischief or injury will be produced, if the injunc- tion or temporary restraining order is denied. If it is plainly apparent that the bill is without equity, an injunc- tion should not be granted, but if granted, it should be dissolved at the earliest opportunity by the Court, and the bill ordered dismissed. Builders Supply Co. v. Acton, 47 So. 822, 56 Fla. 756.

Tested by the foregoing rules the bill of complaint in this case is plainly without equity and the injunction granted on it should have been dissolved upon appellant's motion therefor.

The injunction was granted on the idea that a certain organization known as the Brotherhood of Locomotive Engineers, by and through the other named corporations, became the purchaser and developer of certain large areas of land in Sarasota County, known as the Venice Development, in connection with the acquisition, operation and management of which various obligations had been in- curred and were still owing and unpaid aggregating many thousands of dollars, some of which obligations were con- tracted in the name of the defendant, B. L. E. Corpora- tion, which had been sued at law for fifty thousand dollars damages; that the Brotherhood of Locomotive Engineers was about to cease its activities in the State of Florida and withdraw its physical assets, in the name of these other

named corporations, from Sarasota County and from the State to defeat the claims of creditors of said Brotherhood of Locomotive Engineers, and its alleged subsidiary corporations.

No relief by way of a decree such as would be appropriate in a creditor's bill is prayed, and the main object of the suit appears to be to procure an injunction to hold all the affairs of the several defendants *in status quo* until complainant could try a suit at law against the B. L. E. Corporation for fifty thousand dollars damages, the only detail of which seems to be a declaration on the common counts filed in the suit at law with a copy of the cause of action attached showing merely, "To Mary Williams, Inc., B. L. E. Realty Corporation, Venice, Florida, Money payable $50,000.00."

This court is committed to the doctrine that no person has the right to maintain a bill in equity unless the suit brought falls within some acknowledged head of equity jurisprudence, (Richman v. Whitehurst, 73 Fla. 152, 74 So. 205) and since it does not appear that the bill in the instant case conforms to this rule, the decrees appealed from must be reversed and the cause remanded with directions to dismiss the bill of complaint.

Decree reversed and cause remanded with directions to dismiss the bill.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.