TRUEMAN FERTILIZER COMPANY, a corporation, *et al.,* v. C. R. GREENLESS, *et al.*

198 So. 684
Division B
Opinion Filed November 22, 1940
Rehearing Denied December 5, 1940

Carroll Dunscombe, for Appellants;

Evans Crary, for Appellees.

CHAPMAN, J.—In an amended bill of complaint filed in the Circuit Court of Martin County, Florida, it was made to appear that the Trueman Fertilizer Company obtained a judgment against C. R. Greenless in the sum of $7,740.73, with costs, and on which a writ of execution issued and was delivered to the sheriff and a return thereon as made by the sheriff shows that the defendant in execution, C. R. Greenless, had no property appearing in his name located in Martin County against which a levy could be made. The indebtedness was for fertilizer sold by Trueman Fertilizer Company to C. R. Greenless and notes were given therefor by Greenlees to the Trueman Fertilizer Company, and upon failure to pay the said notes, judgment was obtained.

The suit at bar is in the nature of a creditor's bill brought against several defendants, inclusive of C. R. Greenless, for the purpose of subjecting the alleged interest of the latter in and to certain real estate situated in Martin County, Florida, in which Greenlees owns an equitable interest. The allegations of the amended bill are not clear as to whether or not the title to the described real estate in which Greenlees owns an interest rests in a corporation, common law trust or a partnership. It is possible that the uncertainty incident thereto can or may be removed by the testimony.

It appears that the appellant obtained its judgment and had

execution issue thereon and a return as made by the sheriff shows that the judgment debtor has no property standing in his name subject to levy and sale. The Trueman Fertilizer Company is now in a position to invoke the aid of a court of equity in reaching equitable assets of the judgment debtor, C. R. Greenless. See Robinson v. Springfield Co., 21 Fla. 203; Richardson v. Gilbert, 21 Fla. 544; Holly v. Gainesville Nat. Bank, 80 Fla. 523, 86 So. 444; Neubert v. Massman, 37 Fla. 91, 19 So. 625, 627.

The allegations of the amended creditor's bill are too vague, indefinite and uncertain to show or establish the equitable interest of Greenless in and to the real estate described in documents attached to the amended bill. See B. L. E. Realty Corp. v. Mary Williams Co., Inc., 101 Fla. 254, 134 So. 47; Godwin, Admx., v. Phifer, 51 Fla. 441, 41 So. 597.

The case is here on appeal from an order dismissing the amended bill of complaint for want of equity. We fail to find error in the record. The appellant is allowed thirty days after the going down of the mandate in which to file an amended bill of complaint so as to meet the requirements of the decisions of this Court *supra.*

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concurs.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.