THOMAS, Justice.
Inasmuch as this is in reality a dispute between Raymond L. Smith and R. D. Irvine we will use the singular in referring to the parties,
The respondent filed a complaint against the petitioner seeking a judgment for damages and a lien against certain properties to secure the amount of money found to be due.
The prayer for this relief was founded on an alleged factual situation we shall now relate.
The respondent had bought from the petitioner real estate on which was located an apartment house or motel, paying part of the purchase price in cash and executing a mortgage to secure a promissory note, payable in installments, evidencing the balance. Before closing the transaction the respondent inquired of the petitioner about the gross income from the property for the preceding twenty-one months and was told that it had yielded a sum of approximately thirty-three thousand dollars. The respondent relied upon this representation and was induced by it to buy the property. This statement of prior income was false.
After the sale was consummated the mortgage and note were transferred to an innocent purchaser, so the respondent has been obliged to meet the installments that fell due after as well as before he discovered the fraud practiced upon him.
■ The respondent-claimed an abatement -of' the purchase price to the amount of twenty-seven thousand five hundred dollars and asked the court to impress a lien on properties acquired by the petitioner with the proceeds of the sale and with' the money received for an assignment of the note and mortgage given by him to the petitioner.
A motion to dismiss was made on the ground that the bill stated no claim upon which relief could be granted; The petitioner now asks us to review, .by certiorari, the, order denying that motion, 'and' challenges the jurisdiction of a court of equity to allow an abatement of a portion of the purchase price of property because' of alleged misrepresentations of income from the property prior to its purchase.
The respondent argues, quite plausibly, that if an abatement may be allowed in a case where there is a deficiency in quantity, Firstbrook v. Buzbee, 101 Fla. 876, 132 So. 673, a decision upon which he admittedly relies “to a considerable extent * * there is no logical reason why such relief would not be available in case of “lack in quality, * * *” as he claims is the situation here.
• We are unable to agree with this position because of the view that the premise drawn from the present case is inaccurate, as we believe a careful examination of the cited case will emphasize. There the property was sold as acreage, and it developed that instead of five acres, only three acres were conveyed. An abatement was- allowed.
Here there is not even a suggestion that the property was represented as being of one quality while in truth it was of another. So far as we are advised by the pleader, the features and characteristics of the motel.and, for that matter, of the land on which it stood and with which it was conveyed, were not found to be of any different kind than they appeared to the buyer or were described by the seller. The income from guests would depend in large measure upon services rendered, advertising done, and many other circumstances quite apart from the physical or material condition of the property. In other words, the respond *34 ent, for ought we know, got precisely that for which 'he bargained.
The respondent’s claim, if the averments of his bill were substantiated, would ripen into a judgment for damage he suffered when the petitioner represented, falsely, the income that had been produced, inducing him to buy in the belief that the earnings could be maintained, hence that there was a value that did not, from prior experience, exist.
Respondent reasons further that the basis of his bill would constitute a valid defense to a suit to foreclose, hence what could be used as a defense in one instance could, be employed as an offense in another. If he became a defendant in a foreclosure," the equity court would have been entered by his adversary for the very proper purpose of enforcing collection of a mortgage lien and that court having acquired jurisdiction would, under the familiar principle, determine all the disputes of the parties springing from the transaction in which a deed to property was exchanged for a mortgage on that very property for the remainder of the purchase price.
Here the purchaser-mortgagor is undertaking to invoke initially the jurisdiction of the equity court to present a claim we think is purely one in law. The respondent does not seek rescission of the contract because it was infected with fraud; he wishes to retain what he bought and to be awarded an out and out judgment for damages that were evidenced by the difference between his anticipated and actual earnings, a disparity 'he would not have experienced, he says, had the seller not lied to him.
We have not found the respondent’s position strengthened by the averred fact that the mortgage and note have reached an innocent purchaser. So far as we know from the record the petitioner has assets from which any judgment entered against him could be satisfied.
We can only conclude that the order denying the motion to dismiss was erroneous, so certiorari is granted and that order is quashed.
SEBRING, C. J., and TERRELL and HOBSON, J-J., concur.