MATHEWS, Justice.
This is an appeal from a final order of the Circuit Court of Lake County which *35 reversed the order of the Full Industrial Commission, which had affirmed an order of a Deputy Commissioner.
The Deputy Commissioner found against the claim filed by the employee and his order was affirmed by the Full Commission. The only testimony offered before the Deputy Commissioner was that of the employee’s witnesses. There was more than sufficient substantial evidence to sustain the findings of the Deputy Commissioner on the questions of fact, and they should not he disturbed on appeal. See Sonny Boy’s Fruit Co. v. Compton, Fla., 46 So.2d 17; United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741; and Williamson v. Roy L. Willard, Inc., Fla., 59 So.2d 865.
In addition to the question of the. sufficiency of the evidence, the employee presents two quéstions on this appeal: (1) that the claimant, or employee, did not testify in the case in his own 'behalf, and (2).the Deputy Commissioner did not include in the transcript certain medical bills.
With reference to the assignment that the claimant, or employee,- did not testify, the letter written to the Florida Industrial Commission, Tallahassee, Florida, dated April 2, 1951, and signed'“Walter Warren”, contained the following:
“We also request that the rule be waived to the extent that the testimony of Mr. Peper can be taken at his home. He is confined to bed and not able to get up. The testimony of the other witnesses can be taken at any place in Leesburg convenient to your deputy commissioner.”
The hearing before the Deputy Commissioner was held on May 11, 1951. The record shows that due and proper notice was given to Mr. Walter Warren, Attorney for the claimant, or employee. In other words, the claimant, or employee, was represented by able counsel and the record shows that all of the witnesses in behalf of the claimant, or employee, were called by Walter Warren, Esquire.
When the last witness had concluded his testimony, Mr. .Warren stated, “That concludes the case of the claimant.” The Commissioner then said, “The employer and carrier are ready to proceed.”
There was no objection from the attorney for the claimant, or employee. It is not shown that any request was made to the Deputy Commissioner to take the testimony of the claimant, or employee, or that his attorney of record ma'de any offer of any kind to take the testimony of the claimant, or employee.
Under the facts as shown by this record the claimant cannot claim that he was not given an opportunity to testify in his own behalf. When the attorney of record for the claimant stated, “That concludes the.case of the claimant”, the right of the claimant to testify was waived.
There is no merit in the finding of the Circuit Court that it was error not to include certain medical bills incurred by the claimant. These medical bills were not important or relevant in view of the findings of fact and order of the Deputy Commissioner that the claim for compensation •benefits be denied.
It would be of great assistance to the appellate courts if all transcripts of the record eliminated matters not necessary to determination of the questions raised on appeal.
Reversed, with directions to the Circuit Court to dismiss the appeal prosecuted from the final order of the Full Commission.
SEBRING, C. J., and THOMAS, HOB-SON, and ROBERTS, JJ., concur.
TERRELL and DREW, JJ., dissent.