SEBRING, Justice.
This is an interlocutory certiorari proceeding to review an order denying a motion to dismiss an amended complaint which sought an abatement of a portion of the purchase price paid by the plaintiff below for certain property purchased from the defendants.
The original complaint in the cause averred, in substance, that the plaintiffs, R. D. Irvine and wife, purchased from the defendants, Smith and wife, an apartment house or motel property, paying part of the purchase price in cash and giving a purchase-money note and mortgage, payable in installments, for the balance. Before closing the transaction Irvine and wife inquired of Smith about the gross income derived from the property for the preceding 21 months and were told by Smith that it had yielded a gross sum of approximately $33,000 for the period. Irvine and wife relied on this representation, which was falsely made by Smith, and were induced by it to buy the property. After the sale was consummated, Smith transferred the note and mortgage executed by Irvine and wife to an innocent purchaser. Because of the transfer, the plaintiffs have been obliged to pay to the innocent purchaser the installments that have accrued on the note and mortgage.
After the transaction between the plaintiffs and Smith was closed, the latter took the down payment received from the sale of the property, arid the proceeds realized from the sale of the note and mortgage' assigned to the innocent purchaser, arid bought certain parcels of property with it. When the purchasers of the property learned of the misrepresentations as to gross income supposed to have been derived from the operation of the motel, they instituted a suit in equity for the purpose of securing a decree for an abatement of the purchase price to the amount of $27,500 and for the impression of a lien upon the property acquired by Smith with the down payment of the purchase price and the money realized from the sale of the note and mortgage.
The lower court denied a motion to dismiss the complaint and the defendants appealed. On the appeal, this Court held, in Smith v. Irvine, Fla., 62 So.2d 32, that the suit for an abatement was not maintainable under the facts alleged in the complaint and that if the purchaser had any claim for relief it was for the recovery of damages at law.
After the opinion and judgment of this Court went down, the plaintiffs filed in the lower court an amended complaint which contained, substantially, the same allegations as had appeared in the original complaint, and certain additional allegations to the effect that unless relief in equity was granted to the plaintiffs they will not be able to recover the amount due them, and in equity belonging to them, or to recover assets from defendants in said amount, and that if plaintiffs were required to seek their relief in a law action only, a judgment recovered by plaintiffs in such action at law could not be satisfied from assets then owned by defendants; that while at the time of the institution of suit a parcel of the property purchased by Smith with the proceeds derived from the sale of the motel property, designated as Parcel B, was being claimed by Smith and his wife as a homestead, the Smiths, if they so desired, could change their 'homestead to a more valuable tract of property, designated Parcels C and D, that had also been purchased with funds derived from the sale of the motel property, and that, in any event, the Smiths will claim either Parcel B or Parcels C and D as their homestead, in which case, a judgment and execution at law cannot be levied against such property because *569 it constitutes a homestead; that even if the Smiths should continue to own both Parcel B and Parcels C and D at such time as a judgment at law could be recovered against them by the plaintiffs, the assets of defendants would be insufficient to satisfy a judgment at law against said defendants ; that the plaintiffs have instituted a suit at law against the defendants by the filing of a complaint and issuance of summons which has been duly served upon the defendants to recover a judgment at law for the amount due them by said defendants as set forth in said complaint, and that said suit is now pending.
The prayer of the amended complaint is that the court ascertain and adjudicate the amount due plaintiffs, and declare the amount so ascertained and determined by the court, together with costs, to be a lien against Parcel B and Parcels C and D, and that upon the failure of the defendants to pay said amount upon a date to be named by the court, said parcels, and each of them, be sold to satisfy the said decree; or in the alternative, that the plaintiffs be allowed to maintain their amended complaint as a creditor’s bill pursuant to section 62.37, Florida Statutes 1951, F. S. A., and upon judgment being entered in said action at law, and an execution thereon be returned unsatisfied, or only partially satisfied, that the court decree that plaintiffs have a lien upon the aforesaid Parcels B, C and D and that said parcels, or so much thereof as may be necessary to satisfy the said law judgment and execution, be sold to satisfy the amount due upon said judgment and execution.
A motion to dismiss the amended complaint w.as denied and the defendants have filed their petition in certiorari to secure a review of the order of denial.
 It is plain that the earlier opinion of this Court in the case at bar clearly finds the plaintiffs’ claim to be legal and not equitable in character:
“Here the purchaser-mortgagor is undertaking to invoke initially the jurisdiction of the equity court to present a claim we think is purely one in law. The respondent does not seek rescission of the contract because it was infected with fraud; he wishes to retain what he bought and to be awarded an out and out judgment for damages that were evidenced by the difference between his anticipated and actual earnings, a disparity he would not have experienced, he says, had the seller not lied to him.” [62 So.2d 34.]
In the face of this determination that plaintiffs’ suit, although nominally for abatement of purchase price, is actually a legal claim for damages either for breach of contract or in tort for deceit, a prayer is now made for an equitable lien to aid in the collection of those legal damages which have not yet' been adjudicated. In this situation it is plain' that plaintiffs cannot proceed on any theory of “tracing of funds” or other such equitable doctrine. Compare Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. Their conduct in affirming the contract and suing at law for damages is in fact inconsistent with that theory and does not, therefore, give rise to a lien under our cases.
The plaintiffs’ claim of lien actually rests on the simple allegation that the defendants will not have sufficient assets to satisfy a judgment at law for damages against them if and when the' plaintiffs obtain such a judgment. In this aspect it might be argued that the suit is in the nature of a creditor’s bill suit, but as such it is deficient in a significant particular. Under the provisions of.the statute permitting creditors’ bills before judgment, the procedure is available to those prosecuting “claims of indebtedness”. Section 62.37, Florida Statutes 1951, F.S.A. Even if this were a suit to reach an equitable interest, as a creditor’s bill must attempt to do, instead of a legal interest as is attempted here, the law is that “the mere institution of a suit at law for damages not involving a claim of: indebtedness, does . not, under our statute, by its /very terms, warrant a creditor’s suit or the granting of extraordi *570 nary relief therein * * (Emphasis supplied.) B. L. E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47, 49.
We hold therefore that the order appealed from should be set aside, with directions that an order be entered dismissing the cause.
It is so ordered.
THOMAS, Acting Chief Justice, and MATHEWS and DREW, JJ-, concur.