TERRELL, Justice.
John Hamilton filed a claim under Workmen’s Compensation Act, Chapter 440, F.S.A., for compensation due to the loss of his right eye while in the employ of Cummer Sons Cypress Company. The employer denied responsibility, the Deputy Commissioner found for the claimant and his finding was, on appeal, approved by the Florida Industrial Commission. The finding of.the Florida Industrial Commission was reversed by the Circuit Court. We are confronted with an appeal by cer-tiorari from that order.
The only point for determination is whether or not there was substantial competent evidence to sustain the order and finding of the Deputy Commissioner.
The claimant contends that on April 18, 1951 he was struck in the eye by a flying object while working in the sawmill of ap-pellee, as a result of which he lost his eyesight. Appellee admitting a very minor accident had occurred, amounting to no more than a mere scratch,-to claimant, contends on the contrary that the claimant lost his eyesight several years earlier on account of being struck in the eye with a cockleburr while ploughing in a field in Levy County. There was ample competent evidence to support both contentions.
Dr. Blackburn W. Lowry, an eminent eye specialist of Tampa, testified that the claimant’s loss of sight of the right eye resulted from traumatic injury and that such injury could have been inflicted by the accident in question. This traumatic injury had been previously diagnosed by Dr. Lowry in a letter that was admitted into evidence, as “extensive damage done to the retina and vitreous body by means of intraocular hemorrhages and trauma.” Upon cross-examination as to what his answer would have been if he had been informed of a previous impairment of claim *555 ant’s eye, the doctor replied: “That would be a horse of another color. If he had any trouble with his eyes beforehand it would be a different proposition. I am merely going on the history that he gave me and the findings that I found; and the assumption is that this man, (Hamilton) that this blow could have caused the pathology I found.” It was upon this latter statement by D'r. Lowry that the Circuit Court based its reversal of the Commission.
The claimant testified that his eyesight had been good up: to the time of the injury. His testimony was corroborated by that of several lay witnesses. It was also flatly denied by still other lay witnesses. Two prominent eye specialists and a doctor én-gaged in general practice testified to a different theory as to what might-’have produced the injury to the claimant’s eye.
When the deputy commissioner made his findings of fact he was confronted with this conflicting evidence which’ as a whole is about as contradictory as comes before us. But the Deputy Commissioner, not this Court, must resolve such conflicts, and his findings will be sustained if there is “competent, substantial evidence, which accords with logic and reason, to sustain them.” United States Cas. Co. v. Maryland Cas. Co., Fla., 55 So.2d 741, 745; Town of Crescent City v. Green, Fla., 59 So.2d 1. In the more recent case of Wilson v. McCoy Manufacturing Co., Fla., 69 So.2d 659, 665, this 'Court held that it would determine1 whether or not the proceedings accord with the essential requirements of law and if found to. meet that test it would determine whether or not there is “ ‘substantial competent evidence * * * legally sufficient to support the findings * * ” We further held in that case that we could not “gguge the ‘probative force of conflicting testimony’ but [would]. confine our examination to the nature of the evidence relied upon to sustain the order”.
There is considerable discussion about negative evidence but as we understand that concept there is no such evidence in the record. It may be that if we had been appraising the evidence we might have reached a different conclusion, but that is not the test.
Even if we should conclude that the testimony of Dr. Lowry did not amount to “competent, substantial evidence” we think that there was in addition other testimony ‘before the Deputy Commissioner that was sufficient when considered along with Dr. Lowry’s testimony, to satisfy the requirement of this rule, and being so, the chancellor was in error in reversing the order of the Commission.
The decree of the Chancellor is accordingly reversed with directions to enter an order approving the order of the Commission.
ROBERTS, C: J., and SEBRING and MATHEWS, JJ., concur.