CARROLL, CHAS., Chief Judge.
Petitioners invoke certiorari to review an order of the Florida Industrial Commission in a workmen’s compensation matter.
Claimant prevailed before the deputy commissioner, whose order awarding temporary total disability benefits, interest, medical expenses and costs, was affirmed by the commission.
The main problem here, as in the original forum, is whether claimant was employed by the petitioner-partnership, or individually by Louis A. Gidney, one of the partners.
On this question, and on the propriety of the allowance in evidence of Gidney’s dep *146 osition used in a prior personal injury case, by claimant, the deputy commissioner’s order recited the following:
“4. The employer and carrier contend that the claimant was not an employee of Gidney Auto Sales, a co-partnership consisting of Louis A. Gidney and his brother, Morris Gidney, but the undersigned does not agree with the contention of the carrier, and finds that the claimant was employed by Gidney Auto Sales through the co-partner, for a period of four or five weeks prior to the above referred to accident; that he was paid his regular weekly salary of $100 per week. It was shown that the claimant performed services not only at the premises of Gidney Auto Sales but also on various properties in which one or more of the partners had a substantial interest, and that it was the regular practice of the partners to use their employees in the maintenance and improvement of these properties. Claimant’s gasoline was paid for by the partnership, as were the costs of the materials used by him, and that .on occasions, a truck or car owned by the partnership was placed at his disposal.
* * * * * *
“At the time of the above accident, the claimant was proceeding from the property upon which he had been instructed to work to the office of the partnership, in order to draw money with which to buy materials necessary to complete his work the following day, as was the customary practice. He was injured during his regular working hours and while he was in the course of and within the scope of his employment, and at the time claimant was injured the employer, Gidney Auto Sales, had in their employ, an excess of three employees, in addition to the claimant.
* * * * * *
“At the time of said hearing, claimant offered into evidence, testimony previously given under oath by Louis A. Gidney during September, 1955, as a witness in claimant’s common law action against the Railroad Company.
“The undersigned Deputy Commissioner reserved ruling on the admissibility of this evidence, and now finds that same is admissible, using for his authority for ruling as such, Falkinberg v. Interstate Businessmen’s Association, 132 Neb. 670, 272 N.W. 924, 927, also line 5 in Wigmore, Evidence, Section 1416(1) p. 194.”
A principal circumstance established here is payment of wages to the claimant by the petitioner. It is recognized that while payment of wages is a factor which may aid in determining an employer, it is not, of itself, conclusive on the question (Berrier v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188, 192), and that direction and control of the employee is a main test in determining the relationship of employee and employer (Patton Seafood Co. v. Glisson, Fla.1949, 38 So.2d 839, 840).
On the question of the claimant’s employment by the partnership, the above ■quoted findings of the deputy commissioner sufficiently cover the point, and the evidence supports his findings.
Those, and other facts in evidence presented a clear showing of employment by the partnership, making it obvious that the deputy commissioner’s order and the commission’s affirmance thereof may not be disturbed. American Airmotive Corp. v. Moore, Fla.1952, 62 So.2d 37; Hamilton v. Cummer Sons Cypress Co., Fla. 1954, 70 So.2d 554; and Barash v. Thrifty Super Market, Fla.App.1957, 97 So.2d 154.
On the other point, concerning use of Gidney’s prior deposition, the deputy commissioner appears to have ruled correctly. Clearly any different or inconsis *147 tent prior statements in the deposition were admissible, and the other parts, which were not prior inconsistent statements, if they could be harmful, were not shown to be so.
Therefore, the application for certiorari is denied.
It is so ordered.
HORTON and PEARSON, JJ., concur.