CARROLL, CHAS., Chief Judge.
We are asked to issue a writ of certiorari to review a decision of the Florida Industrial Commission affirming a deputy commissioner's order of January 4, 1957, denying a claim for disability compensation and medical benefits. Petitioner, a 72 year old man, was stricken with a heaft ailment *155 diagnosed as a myocardial infarction, the discomfort of which began while he was doing some work involving lifting of egg crates weighing between SO and 70 pounds.
The deputy commissioner heard and considered the testimony of three doctors. On the question, important to this case, of whether the type of heart injury which this man appeared to have suffered could be related to his exertion, opinions of two of the doctors were affirmative. The opinion of the third doctor, which was negative on that point, was accepted and acted upon by the deputy commissioner. After stating certain other factual findings, his order included the following:
“In the light of this quite divergent medical opinion, and after considering the authorities cited and having further considered fully the factual situation in the instant case in the light of the testimony adduced, it is the further finding of the Deputy that:
“3. The myocardial infarction sustained by the claimant while in the employ of Thrifty Super Market was not an accident within the meaning of .the Compensation Act, but rather was the continuing and natural progression of arterioscleratic heart disease, unconnected with and not casually related to or induced by the act of claimant in lifting the crate of eggs on the day in question.”
It was argued, on behalf of petitioner, that the finding quoted above was not supportable on the evidence, and that the deputy commissioner was not at liberty to accept and follow the medical opinion of one doctor as opposed to the opinion of two other doctors. The weight and effect to be given findings of the deputy commissioner were explained by the Supreme Court in U. S. Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; City Ice & Fuel Division v. Smith, Fla.1952, 56 So.2d 329; Town of Crescent City v. Green, Fla. 1952, 59 So.2d 1; State Road Department of Florida v. Peper, Fla.1952, 62 So.2d 34; American Airmotive Corp. v. Moore, Fla.1952, 62 So.2d 37; Hamilton v. Cummer Sons Cypress Co., Fla.1954, 70 So.2d 554.
In the Hamilton case, the Supreme Court, speaking through Mr. Justice Terrell, stated at page 555:
“When the deputy commissioner made his findings of fact he was confronted with this conflicting evidence which as a whole is about as contradictory as comes before us. But the Deputy Commissioner, not this Court, must resolve such conflicts, and his findings will be sustained if there is ‘competent, substantial evidence, which accords with logic and reason, to sustain them.’ United States Cas. Co. v. Maryland Cas. Co., Fla., 55 So.2d 741, 745; Town of Crescent City v. Green, Fla., 59 So.2d 1. In the more recent case of Wilson v. McCoy Manufacturing Co., Fla., 69 So.2d 659, 665, this Court held that it would determine whether or not the proceedings accord with the essential requirements of law and if found to meet that test it would determine whether or not there is ‘ “substantial competent evidence * * legally sufficient to support the findings * * ’ We further held in that case that we could not ‘gauge the “probative force of conflicting testimony” but [would] confine our examination to the nature of the evidence relied upon to sustain the order’.”
Specifically, as to findings based on conflicting evidence presented by medical experts, the Supreme Court, in Martin v. Board of County Commissioners, Fla.1955, 79 So.2d 513, 515, had this to say:
“We have determined that the substantial evidence rule also applies to medical testimony given in workmen’s compensation cases. In this regard in the case of United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, 745, we stated:
*156 “ ‘We have not failed to consider the suggestion that many' workmen’s compensation cases turn upon a .proper evaluation of medical testimony. However, in those cases the “substantial evidence” rule should not be disregarded because the Deputy Commissioner may observe leads, not apparent upon an examination of the transcript of the evidence, which point unerringly to the correct findings of facts. After all, doctors are human. They may be appraised as witnesses and their testimony evaluated, in much the same manner as other witnesses and their testimony are judged and estimated. Doctors vary in degree of ability, as do lawyers, scientists, executives, educators, clergymen and other professional as well as everyday business men. The fact-finding arbiter is usually in a better position than the reviewing body to judge the ability, experience and reputation of the various so-called expert witnesses who appear personally before him and to determine the weight which should be given their testimony. One doctor may have a long list of degrees behind his name, while another has but few. However, the latter might, by his demeanor on the witness stand and by his freedom and clarity of expression, disclose a familiarity with the subject under discussion which far exceeds that of the obstensibly better educated theorist. We are of the opinion the “substantial evidence” rule should be invoked in all cases. Even in cases which must be resolved upon a true appraisal of testimony of medical experts, the deputy commissioner’s findings of facts should be upheld unless there is no competent, substantial evidence, which accords with logic and reason, to sustain them.’ ” See also, Foxworth v. Florida Industrial Commission, Fla.1956, 86 So.2d 147, 152.
Our examination of this record, including the reading of the testimony given by the doctors, results in the con-clüsion that there was direct and substantial evidence to support the finding and result reached by the deputy commissioner; that it was his duty to resolve-conflicts in evidence; and that petitioner has failed to make out a case entitling him, to relief in this proceeding.
The application for issuance of a writ of certiorari is denied and the petition dismissed.
It is so ordered.
HORTON and PEARSON, JJ., concur.