503 So.2d 1297 (1987)
Carmen Rodriguez CERNA, Appellant,
v.
SWISS BANK CORPORATION (OVERSEAS), S.A., Appellee.
No. 86-1416.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Rehearing Denied April 8, 1987.
*1298 Michael F. Kelley, Miami, for appellant.
Richey & Munroe and William Richey, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal by Carmen Rodriguez Cerna, one defendant below, from a non-final order denying her motion to dissolve prejudgment writs of attachment of certain of her property and of garnishment of several of her bank and stockbroker accounts, which were issued in favor of the plaintiff-appellee bank in its action to recover on a debt.
It is agreed that Cerna is not a principal debtor on the obligations for which the bank is suing. The appellee successfully claimed below, however, that one Raul Granados, who is the principal debtor, either fraudulently conveyed the property to Ms. Cerna or that it was actually owned by him, although ostensibly titled in her name. Cerna's primary contention here is that neither prejudgment attachment nor garnishment lie under the terms of the respective statutes, §§ 76.04, 77.031, Fla. Stat. (1985), because she is not herself presently a "debtor" of the plaintiff's.
1. Insofar as attachment is concerned, we agree with the bank that the contention is without merit. It is first clear that prejudgment attachment properly lies in favor of a creditor, such as the bank, when it appears that the debtor is "fraudulently disposing of his property" to avoid payment of a debt. § 76.04(10), Fla. Stat. (1985); see § 77.031, Fla. Stat. (1985) (garnishment). Consistent with the statutory prerequisites for the maintenance of a creditors' bill, § 68.05, Fla. Stat. (1985),[1] which, contrary to common law, see B.L.E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931), permits such an action prior to judgment against the principal debtor, and with the very function of a writ of attachment, which serves as a lien upon property which may be the subject of execution upon a later-obtained judgment, see Tilghman v. United States Fidelity & Guaranty Co., 90 Fla. 282, 105 So. 823 (1925), it seems clear that prejudgment attachment is available against assets which are held in the name of another and which have either been fraudulently transferred from the debtor, see Megdall v. Scott Corp. 40 So.2d 139 (Fla. 1949); Williams v. Finlayson, 49 Fla. 264, 38 So. 50 (1905); Spencer v. Mugge, 45 Fla. 585, 34 So. 271 (1903), or remain equitably owned by him, Hillsborough County v. Dickenson, 125 Fla. 181, 169 So. 734 (1935); Post v. Bird, 28 Fla. 1, 9 So. 888 (1891). See generally 13 Fla.Jur.2d Creditors' Rights § 87 (1979). Since there was a sufficient showing below that "Cerna's" assets had indeed either been fraudulently transferred to her by Granados or that he remained their owner, we affirm the attachment of those *1299 valuables.
2. We reach a different conclusion as to the garnished bank and stockbroker accounts. Unlike attachment, a writ of garnishment does not establish a lien, but is merely a "proceeding ... by which the plaintiff is subrogated to defendant's right against the garnishee." Pleasant Valley Farms & Morey Condensery Co. v. Carl, 90 Fla. 420, 426, 106 So. 427, 429 (1925). Although the garnishment statute permits the use of the remedy prejudgment with respect to the actual debtor, Granados, there is nothing which would authorize its use as against Cerna until judgment is obtained against her. See Pleasant Valley Farms, 90 Fla. at 420, 106 So. at 427 (garnishee's liability established only by judgment against defendant); Aetna Ins. Co. v. Evans, 57 Fla. 311, 49 So. 57 (1909) (same). See generally 6 Am.Jur.2d Attachment and Garnishment § 385 & n. 13 (1963).
In sum, while we hold that property purportedly owned by Cerna may be properly attached prejudgment, we do not agree that debts allegedly owed to Cerna by someone else, such as the sums in her bank and stockbroker accounts, may be garnished until her own liability to the plaintiff has been established by judgment.
3. Cerna also contends that her personal financial and property records were erroneously made subject to the writ of attachment. We uphold this position. Because of the extraordinary nature of attachment proceedings, the terms of the statute must be narrowly construed. First National Bank of Chattanooga v. Willingham, 36 Fla. 32, 18 So. 58 (1895); Fine v. Fine, 400 So.2d 1254 (Fla. 3d DCA 1981). Moreover, the essential nature of the writ is to reach assets in order to discharge a particular debt. With these factors in mind, we cannot and therefore do not hold that books and records which have no inherent value and are obviously sought only for the purposes of discovery fall within the statutory definition of "goods and chattels, lands and tenements" under section 76.01, Florida Statutes (1985).[2]
For the foregoing reasons, we quash the writs of garnishment and the writ of attachment insofar as it relates to Cerna's books and records. The order denying the motion to dissolve the writ of attachment is otherwise affirmed.
Affirmed in part, reversed in part.
NOTES
[1] This provision states:

68.05. Creditors' bills
Creditors' bills may be filed in chancery before the claim of indebtedness of the persons filing them have been reduced to judgment, but no such action shall be entertained unless plaintiff has first commenced a separate action at law for the collection of the claims. No final judgment shall be entered on a creditor's bill until such claims have been reduced to judgment at law.
[2] This holding is without prejudice to the appellee's right to secure the records either as an aspect of the discovery process in the underlying lawsuit, or, if appropriate, in a separate "pure" bill of discovery. See 19 Fla.Jur.2d Discovery and Depositions § 3 (1980).