GUNTHER, Judge.
Plaintiff/appellant, Douglas E. Wendell, Trustee (Trustee) in Bankruptcy for Palm Springs Village Green, Inc., No. 1, Bankrupt (PSVG# 1), appeals a summary final judgment entered in favor of defendants/appellees, Wilshire Corporation, a Delaware corporation (Wilshire), Stanley Franks (Franks), and B.J. Harris (Harris). Although the trial court granted summary final judgment on several grounds, we affirm on the ground that Trustee did not meet the statutory requirements necessary to file a creditor’s bill on behalf of PSVG# l’s creditors. Thus the trial court did not err in granting summary judgment in favor of Wilshire, Franks, and Harris.
In our view, Trustee does not satisfy the statutory requirements to initiate a creditor’s bill because Trustee did not first commence a separate action at law for the collection of a claim of indebtedness as required by section 68.05, Florida Statutes, which provides:
Creditors’ bills may be filed in chancery before the claims of indebtedness of the persons filing them have been reduced to judgment, but no such action shall be entertained unless plaintiff has first commenced a separate action at law for the collection of the claims. No final judgment shall be entered on a creditor’s bill until such claims have been reduced to judgment at law.
In the instant case, Trustee instituted a creditor’s bill against Wilshire, Franks, and Harris to recover assets which Trustee asserts should be available to satisfy claims of PSVG# 1 creditors. Through the creditor’s bill, Trustee seeks to pierce the corporate veil of Wilshire and other corporations, and have the corporations declared one and the same and mere instrumentalities of each other, and of Franks and Harris.
Trustee maintains that another pending lawsuit satisfies the separate action at law requirement of section 68.05, Florida Statutes. The other lawsuit is a negligence action which was commenced by Number One Condominium Association Village Green, Inc. (Association) against PSVG# 1 for construction defects. After the negligence suit was commenced, PSVG# 1 filed for Chapter 7 bankruptcy which stayed the Association’s lawsuit. Once the trustee in bankruptcy was appointed for PSVG# 1, the Trustee filed the instant creditor’s bill on behalf of PSVG# 1 and its creditors, one of those alleged creditors being the Association.
According to Trustee, once the bankruptcy action stayed the Association’s action against PSVG# 1, the Association was un *322 able to further pursue its claim and thus became a creditor of PSVG# 1. As a result, Trustee filed the creditor’s bill on behalf of both debtor (PSVG# 1) and creditor (Association) against Wilshire, Franks, and Harris. Trustee argues that as the trustee in bankruptcy for PSVG# 1, he is entitled to file the creditor’s bill because once the bankruptcy stay is lifted there will be no assets to satisfy the Association’s claim for construction defects.
Although the statute clearly requires that Trustee first commence a separate action at law for the collection of claims of indebtedness before a creditor’s bill may be filed, Trustee maintains that he need not be the one who actually commenced the action. Instead, according to the Trustee, the Association’s negligence action should be deemed the separate action at law which the Trustee is required to commence before filing a creditor’s bill.
Assuming arguendo that the statutory requirement that the Trustee first commence a separate action at law can be fulfilled by the separate action at law which the Association commenced against PSVG# 1, the Association’s action does not fulfill the additional statutory requirement that the action be based on a claim of indebtedness. In Smith v. Irvine, 68 So.2d 567 (Fla.1953), the Florida Supreme Court stated that mere institution of a suit at law for damages not involving a claim of indebtedness does not warrant a creditor’s suit. Id. at 569-70 (citing B.L.E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47, 49 (1931)). In the context of these cases, the Association’s claim for damages in tort is not a claim of indebtedness. Thus, we conclude that there is no underlying separate action at law which is based on a claim of indebtedness.
Since the separate action at law that Trustee relies upon to satisfy the statutory requirement of section 68.05 is not based on a claim of indebtedness, the trial court correctly ruled that there is no basis for the Trustee to assert a claim in the nature of a creditor’s bill. As this issue is disposi-tive of the case, we decline to address the other issues raised by the parties to this appeal.
AFFIRMED.
POLEN, J., concurs.
ANSTEAD, J., dissents with opinion.
POLEN, J., did not participate in oral argument, but has reviewed the tape.