576 So.2d 870 (1991)
Sonia Blanco De RODRIGUEZ and Unit No. 3105-B, Bayside Village Condominium, Appellants,
v.
BANCO INDUSTRIAL de VENEZUELA, C.A., etc., Appellee.
No. 90-1979.
District Court of Appeal of Florida, Third District.
March 19, 1991.
*871 McDermott, Will & Emery and Richard H. Critchlow and Paul A. Shelowitz and Enrique A. Miguez, Miami, for appellants.
Richey, Munroe, Fine & Goodman and William Richey, Miami, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
BASKIN, Judge.
Sonia Blanco de Rodriguez appeals a non-final omnibus order granting a motion for a temporary injunction prohibiting her from transferring, encumbering or disposing of real property, granting a verified *872 motion for attachment of property, and denying her motion to discharge a lis pendens on the property. Banco Industrial de Venezuela, C.A. [BIV], cross-appeals the portion of the omnibus order that denies its motion for a temporary injunction as to related assets. We affirm in part and reverse in part.
BIV filed a quasi in rem action against unit 3105-B, Bayside Village Condominiums. The unit is owned by appellant and her husband, Carlos Rodriguez. BIV later amended the complaint to join Carlos Rodriguez[1] as a defendant. BIV sought damages for Carlos Rodriguez's alleged violation of Florida's Racketeer Influenced and Corrupt Organization [RICO] Act, § 895.01, Fla. Stat. (1989), Florida RICO conspiracy, conversion, conspiracy to commit conversion, and breach of contract; it also sought imposition of a constructive trust and an accounting. The amended complaint restated the quasi in rem count requesting attachment of the condominium unit. BIV asserted that the condominium unit had been purchased with monies illegally obtained in violation of the RICO Act.[2] § 895.03(1), Fla. Stat. (1989). BIV added appellant as a defendant, alleging that she was a constructive trustee of the unit and a fraudulent transferee. BIV argued that Carlos, who originally held title to the unit in his name, had transferred title to appellant and himself as tenants by the entireties in an attempt to defraud his creditors. In support of its allegations, BIV cited the sequence of monetary transfers leading to the purchase of the condominium unit with funds allegedly derived from the RICO enterprise.
BIV filed a notice of lis pendens against the condominium unit and a motion for a temporary injunction against appellant and Carlos to prevent the transfer, encumbrance or other disposition of the unit, alleging that there was immediate danger of loss of the asset. Next, BIV filed a verified motion to attach the condominium unit pursuant to section 76.04, Florida Statutes (1989). BIV then filed a motion for an injunction against the transfer of other assets allegedly derived from the fraudulent activity. Appellant filed a motion to discharge the lis pendens, asserting that BIV had not satisfied common law injunction requirements.
The trial court granted BIV's motion for a temporary injunction to prevent encumbrance or transfer of the unit,[3] granted the motion to attach the condominium, denied BIV's motion to enjoin transfer of the related assets, and denied appellant's motion to discharge the lis pendens. Appellant challenges the portion of the order granting BIV's motions for injunction and attachment and denying her motion to discharge the lis pendens. BIV cross-appeals the denial of its motion to enjoin transfers of the related assets.
First, appellant argues that the trial court erred in granting the injunction prohibiting her from transferring, encumbering, or disposing of the condominium unit. The Florida RICO Act, § 895.01, Fla. Stat. (1989), et seq., has been interpreted as permitting a court to issue a temporary injunction under section 895.05(6), even though the common law elements of an injunction are lacking. Banco Industrial de Venezuela, C.A. v. Mederos Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989). Section 895.05(6) provides relief against unlawful violations of the RICO Act. § 895.05(1), Fla. Stat. (1989).[4] "[T]he primary mischief the statute addresses is the likelihood that a party charged with RICO violations will get rid of his assets before the RICO plaintiff can *873 obtain a judgment[.]" Mederos Suarez, 541 So.2d at 1326-7, citing Note, 14 Fla.St. U.L.Rev. 975, 983 (1986). The statute permits the trial court to issue such injunctions "after making due provisions for the rights of innocent persons." § 895.05(1), Fla. Stat. (1989).
The premise of Mederos Suarez was that defendants had allegedly violated the RICO Act; here, however, BIV has not alleged that appellant engaged in any wrongdoing or that she is an appropriate RICO Act defendant. Because appellant's innocence has not been questioned, and she is not alleged to have violated the RICO Act, she is an "innocent person" under the statute. § 895.05(1), Fla. Stat. (1989). Accordingly, the trial court lacked authority to issue the injunction against her under the RICO Act standards. Mederos Suarez. We therefore reverse the portion of the order granting an injunction against appellant. On remand, the trial court may consider the propriety of issuing an injunction against appellant under the common law standards for such relief.
Next, appellant contends that the trial court erred in denying her motion to discharge the lis pendens. We disagree. Section 48.23(3), Florida Statutes (1989), provides that "[w]hen the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." When an action is not founded on a duly recorded instrument, the statute gives the trial court discretion to consider the extension and duration of the lis pendens on a case-by-case basis. American Legion Community Club v. Diamond, 561 So.2d 268, 272 (Fla. 1990); City of St. Petersburg v. Wall, 475 So.2d 662 (Fla. 1985).
As the action in this case is not predicated on a duly recorded instrument, the discharge of the lis pendens was within the trial court's discretion. "Under Florida Law, a lis pendens is proper only when the required relief might specifically affect the property in question." Ross v. Breder, 528 So.2d 64, 65 (Fla. 3d DCA 1988) (citations omitted). Where, as here, the allegations in a lawsuit place the right to transfer property in question, a lis pendens is appropriate. Ross. We conclude that the trial court did not abuse its discretion in denying the motion to discharge the lis pendens. We affirm that portion of the omnibus order.
Next, we consider the trial court's order granting the verified motion for attachment of the condominium. We are not convinced that the trial court erred in granting the motion. The verified motion was sufficient under section 76.04, Florida Statutes, and is supported by the record. Cerna v. Swiss Bank Corp. (Overseas), S.A., 503 So.2d 1297 (Fla. 3d DCA), review denied, 513 So.2d 1060 (Fla.), and, 513 So.2d 1063 (Fla. 1987); see Hordis Bros., Inc. v. Sentinel Holdings, Inc., 562 So.2d 715 (Fla. 3d DCA 1990) (attachment not proper where affidavits do not meet standard of statute and only competent evidence negates movant's arguments).
While appellant correctly states that "[p]roperty held by the entireties cannot be forfeited by one spouse acting alone," Smith v. Hindery, 454 So.2d 663, 664 (Fla. 1st DCA 1984), disapproved on other grounds by In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433 (Fla. 1986), a prejudgment attachment is available against assets fraudulently transferred from the debtor and held in the name of another. Cerna, 503 So.2d at 1289. BIV sufficiently alleged that Carlos Rodriguez's transfer of title to appellant was an attempt to defraud his creditors, § 76.04(10), Fla. Stat. (1989); that Carlos Rodriguez resides out of state, § 76.04(4), Fla. Stat. (1989); and that it is proceeding against the condominium in a quasi in rem action. Hordis Bros., Inc. Those allegations support the attachment.
An order granting a motion for attachment is not analogous to a forfeiture. A forfeiture judgment dispossesses the owner of the property and is considered a penalty, Cabrera v. Department of Natural Resources, 478 So.2d 454 (Fla. 3d DCA 1985); Smith, an attachment merely "serves as a lien upon property which may *874 be the subject of execution upon a later-obtained judgment." Cerna, 503 So.2d at 1298. Thus, the order granting the motion for attachment was proper.
Addressing the cross-appeal, we consider BIV's argument that the trial court erred in denying its motion to enjoin the transfer of related assets. We disagree. In Mederos Suarez, both husband and wife had allegedly engaged in a criminal enterprise in violation of the RICO Act. Mederos Suarez, 541 So.2d at 1325. In contrast, no RICO Act violations have been alleged against appellant. Under these circumstances, when issuing an injunction under the RICO Act, the trial court must make "due provisions for the rights of innocent persons." § 895.05(1), Fla. Stat. (1989). We acknowledge BIV's concern that some of the assets may constitute proceeds of the RICO involvement, but appellant's status as an innocent person and a non-RICO Act defendant has not been challenged. For these reasons, we affirm the portion of the order denying the injunction against other assets. On remand the trial court may apply common law standards for issuing an injunction against the related assets.
The remaining points lack merit.
Affirmed in part; reversed in part; remanded.
NOTES
[1] Carlos Rodriguez is not a party to this appeal. Rodriguez evaded service of process and fled to his native Venezuela.
[2] The predicate acts of the RICO enterprise are set out fully in Banco Industrial de Venezuela, C.A. v. Mederos Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989). BIV alleged that Carlos Rodriguez participated in that enterprise.
[3] The injunction was granted as to both appellant and Carlos, but its propriety only as to appellant is the subject of this appeal.
[4] § 895.05. Civil remedies

(1) Any circuit court may, after making due provision for the rights of innocent persons, enjoin violations of the provisions of s. 895.03 by issuing appropriate orders ... (emphasis supplied).