SCOTT, ROBERT C., Associate Judge.
Appellants, Joseph and Mildred Luskins (“the Luskins”) appeal from the following final orders: (1) an order entered November 8, 1990, assessing $8,000 in costs against appellant’s counsel for services rendered by a court-appointed special master, and (2) an order entered November 20,1991 denying the appellants’ written motion for the return of personal papers, and denying ore tenus motions made by other Luskin family members for the return of alleged personal papers.[1]
This case originated from a series of final money judgments entered against the Luskins, and certain writs of execution that were issued based on those judgments. The subsequent proceedings which have given rise to this appeal are that on May 1, 1990, the trial court issued a temporary injunction which provided for a court-appointed special master to have access to the Luskins’ Dade county condominium (to supervise the boxing of papers and materials), and prohibited the Luskins, or anyone acting on their behalf, from entering the unit. On May 21, 1990, the Luskins filed a motion to set aside the injunction, and for modification to allow access by the Lus-kins’ counsel to remove private papers.
On November 8, 1990, the trial court entered an order which assessed $3,000 against the Luskins’ counsel for the services rendered by the special master. Subsequently, on November 20, 1990, the trial court entered an order which denied the Luskins’ motion to set aside and modify the temporary injunction, and ordered that the subject papers remain in storage, inaccessible to anyone. The Luskins have appealed from these two final orders.
Five points have been raised in this appeal, only three of which require treatment. The Luskins’ first claim that the order was improper because section 56.061, Florida Statutes (1989), does not authorize the levy on papers and documents. In support, they cite Cerna v. Swiss Bank Corp. (Overseas), S.A., 503 So.2d 1297 (Fla. 3d DCA), rev. denied, 513 So.2d 1060 (Fla.1987), where the court held that financial and property records are not subject to attachment. The Luskins conclude that the rule in Cerna should apply to executions as well because section 76.01, Florida Statutes (1989), which defines the property that is subject to attachment, is precisely the same as section- 56.061, Florida Statutes, which defines property that is subject to execution.
The court disagrees with this argument for two reasons. First, the court in Cerna specifically found that the financial and property records were not subject to attachment because they lacked “inherent value.” Cerna, 503 So.2d at 1297. Thus, even assuming that the Luskins’ analogy has merit, any papers which have “inherent value” could still be subject to execution. Second, the analogy appears to be without merit because the two sections are not precisely the same. Section 76.01 provides that “[a]ny creditor may have an attachment at law against the goods and chattels, lands and tenements of his debtor,” while section 56.061 provides that “[ljands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution.” Unlike section 76.01, the list of items in section 56.061 does include certain papers and documents of value. See Willard v. Petruska, 402 F.2d 756 (5th Cir.1968) (corporate stock subject to execution); Coney v. First State Bank of Miami, 405 So.2d 257, 259 (Fla. 3d *558 DCA 1981) (liquor license is property of value and subject to execution).
Having clarified that certain documents and papers are subject to execution, the trial court’s order was proper. The court’s order provides for an in camera hearing to determine the status of the Luskins’ documents and papers before such papers, if any, are made available to the appellees. Thus, pursuant to the trial court’s order, the Luskins should apply for an in camera hearing on this determination.
The second point raised by the Lus-kins is that the order infringed on their right to privacy by allowing the appellees to “pry into” their private papers. But the Luskins’ argument and reliance on Rasmussen v. South Florida Blood Service, 500 So.2d 533 (Fla.1987), are misplaced. The trial court in the instant case did not order the release of the subject documents to the appellees, but rather provided for an in camera hearing to determine the status of the documents prior to any such release. This procedure is an appropriate and adequate precautionary measure, and should be utilized by the Luskins.
The Luskins’ third point is also misplaced. The Luskins assert that the seizure of their private papers violated Article I, Section 12 of the Florida Constitution. However, upon consideration, it appears that Florida's search and seizure law does not apply to the facts of this case. Further, the Luskins have failed to cite case law to support their argument.
The remaining points do not present any reversible error, and thus we affirm the judgment appealed from.
LETTS, J., and DOWNEY, JAMES C„ Senior Judge, concur.

. The Luskins also claim they were assessed $7,500 in costs for inventory services of the special master, but the Luskins have failed to submit any documentation or evidence regarding this fee, and the record does not reflect any such order relating to this fee.