**In re Abraham David GOSMAN, Debtor.**

**Joseph J. Luzinski, Trustee Plaintiff,**

**v.**

**Abraham D. Gosman and Lin Castre Gosman, a/k/a Linda Castre Gosman, Defendants.**

**Bankruptcy No. 01–30953–BKC–SHF.**
**Adversary No. 02–3155–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida.

June 17, 2005.

Daniel L. Bakst, West Palm Beach, FL, for debtor.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR IN CAMERA REVIEW OF SEIZED DOCUMENTS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on June 14, 2005, upon the Chapter 7 Trustee's Emergency Motion for In Camera Review of Seized Documents ("Motion for In Camera Review"). By way of the Motion for In Camera Review, Plaintiff Joseph J. Luzinski ("Trustee") seeks an in camera review of documents seized by the Trustee pursuant to a Writ of Execution (C.P.601) issued by this Court on May 10, 2005. The Writ of Execution was issued as the result of an outstanding judgment (C.P.507) in the amount of $66,539,181.01 entered on March 1, 2005, by the Honorable Larry Lessen, visiting United States Bankruptcy Judge, against Lin Castre Gosman ("Castre Gosman"). After considering the arguments of counsel, case authority and for the reasons discussed below, the Motion for In Camera Review is **granted** as to the seized boxed documents and **denied** as to the information contained on the four seized computers.

On Friday, June 3, 2005, the Trustee, accompanied by three Deputy United States Marshals, entered the Castre Gosman property at 125 Sea Steppes Court, Jupiter, Florida and seized certain items belonging to Castre Gosman. Among the items seized were approximately 20 boxes of documents belonging to Castre Gosman and four computers. At issue before the Court is whether the documents were properly seized and whether the Trustee is entitled to review the information contained on the seized computers. It is the Trustee's argument that he is entitled to review the documents seized for the purpose of determining if they have inherent value pursuant to Fla. Stat. § 56.061, which defines property that is subject to execution. The Trustee is requesting that the Court conduct an in camera review of the documents seized in order to determine which documents may be turned over to the Trustee.

It is the position of Castre Gosman that the documents seized have no inherent

value and were not subject to levy under the Writ of Execution. At the hearing on June 14, 2005, Castre Gosman argued that the Deputy United States Marshals should have reviewed the documents at the time of the levy to make a determination as to inherent value. Castre Gosman is asking the Court to have the documents returned to the United States Marshal so that possession of the documents may be restored to Castre Gosman without dissemination of any information contained therein, since it is her position that the documents were improperly seized.

█ The enforcement of a judgment through a writ of execution is controlled by Florida state law. Fed.R.Civ.P. 69, Chapter 56, Fla. Stat. Pursuant to Fla. Stat. § 56.061, "Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution." While Fla. Stat. § 56.061 describes categories of items that are subject to levy, the statute gives no direction regarding the process on how to inspect the property to determine which items fall within these categories. In the case at issue, when the Deputy United States Marshals levied upon Castre Gosman, they found a large volume of documents. Unable to ascertain which ones were inherently valuable, all boxes were packed up and sent with the Trustee for storage. The boxes of documents are currently in a conference room at the Trustee's office located at 200 Biscayne Blvd., Suite 900, Miami, Florida, 33131 The question remains as to whether the documents seized may be reviewed for the determination of inherent value.

The Fourth District Court of Appeals has held that some papers and documents of "inherent value" are subject to a writ of execution and levy by the appropriate parties. *Luskin v. Luskin,* 616 So.2d 556, 557

(Fla. 4th D.C.A.1993). In *Luskin,* a judgment debtor appealed an order denying him the return of personal documents taken by the sheriff pursuant to a writ of execution. *Id.* The Court concluded that the appropriate procedure would be to conduct an in camera hearing to determine if the judgment debtor's documents were inherently valuable before making them available to the opposing party. *Id.* at 558. In *Braswell v. Ryan Investments, LLC.,* 2003 WL 354509 (Fla.Cir.Ct.2003), the court held that seized documents were subject to examination for the purpose of determining if the documents were of "inherent value." The court further directed a Special Master to review the documents in camera. *Id.* It was later ordered by the appellate court that the documents be returned to the judgment debtor since the documents were financial and personal in nature and not inherently valuable. *Braswell v. Braswell,* 858 So.2d 1067 (Fla. 3rd D.C.A.2003). Additionally, the court ruled that the documents could not be examined for discovery purposes, stating that the levy process is not a substitute for appropriate discovery procedures. *Id.*

█ Whether an item has "inherent value" must be determined on a case by case basis. The case law has narrowed the list of potentially inherently valuable items by ruling that items such as financial documents, personal records, property records, and privileged communications are not inherently valuable. *Braswell v. Ryan Investments, LLC,* 2003 WL 354509 (Fla.Cir.Ct.2003). However, the list of what is inherently valuable is less defined. For example, case law indicates that items such as stock certificates and liquor licenses are inherently valuable. *Luskin v. Luskin,* 616 So.2d 556, 557 (Fla. 4th D.C.A.1993).

█ *Sub judice,* when the Deputy United States Marshals levied upon the Writ of Execution, approximately 20 boxes

of documents were seized. The Court finds that it would have been unreasonable to expect the Deputy Marshals to inventory all documents at the time of levy and contemporaneously make a determination as to inherent value. Therefore, the Court finds it appropriate to appoint a Special Master to have access to all levied boxes of documents so that he may conduct an in camera review to make the determination as to which documents, if any, have inherent value. Only items found to have inherent value will be turned over to the Trustee for review. Furthermore, while the Court finds that the computer equipment, consisting of two desktop computers and two laptops, was properly seized as an asset of Castre Gosman, the Court finds that the information contained on the four computers is not reviewable by the Trustee and is not subject to an in camera review for a determination as to inherent value. Accordingly, it is

**ORDERED:**

1) The Court appoints Joel L. Tabas as Special Master for the purpose of conducting the aforementioned in camera inspection, to be conducted at 200 Biscayne Blvd., Suite 900, Miami, Florida on a mutually convenient date and time. Pursuant to Fla. R. Civ. P. 1.490(e), the requirement for the posting of a bond by Mr. Tabas is waived.

2) The Special Master shall be paid by the Trustee from funds of the debtor's estate, upon application filed with this Court and after notice and hearing.

3) The Trustee and Castre Gosman shall determine a mutually convenient time to allow Castre Gosman to have access to the four seized computers so that she may extract all information contained therein and erase the hard drive as she determines necessary to prevent the dissemination of private information.