WILLIAM G. ZINN, *et al.*, APPELLANTS, VS. LOUIS DZIALYNSKI, RESPONDENT.

1. An affidavit made for the purpose of procuring an attachment against the property of a debtor, stated that "the defendant is justly indebted to the plaintiffs in the sum of $1,829.95, which amount is now actually due; and that the affiant has reason to believe that the defendant will fraudulently part with his property before judgment can be recovered against him." The defendant, traversing this affidavit for the purpose of moving to dissolve the attachment, says that the affidavit made in behalf of the plaintiffs "is untrue, wherein it alleges that the defendant is indebted to the plaintiffs in the sum of $1,829.95, and that the same is actually due; and that said affidavit is untrue wherein it alleges that the affiant has reason to believe that the defendant will fraudulently part with his property before judgment can be recovered against him." On trial of this issue before a jury, the Court charged that "the plaintiff must prove the amount named in the affidavit, $1,829.95, is actually due, and that he had reason to believe the defendant would fraudulently part with his property before judgment can be recovered against him." *Held:* That the words "actually due" referred to the question whether

the amount of indebtedness had actually become due and payable at the time, and not to the precise amount of the indebtedness; and if it was proved that the amount actually due was less than the amount stated, but sufficient to give the Court jurisdiction, this is substantial affirmative proof of that branch of the issue, and the charge was too strict.

2. When an agent of the plaintiffs made an affidavit for the purpose of procuring a writ of attachment, and upon a traverse of the affidavit it was shown, and not denied, that the statement of the amount due was based upon the admission of the defendant to the agent, the defendant is estopped from insisting upon a motion to dissolve the writ of attachment, that a sum less than that so admitted and stated in the affidavit was actually due.

3. The act of Dec. 20, 1859, amending the attachment laws, provides that the applicant shall make oath that the amount of the debt or sum demanded is actually due, and that he has reason to believe that the defendant will fraudulently part with his property before judgment can be recovered against him. Upon a motion to dissolve an attachment issued under this provision, the issue to be tried is not confined within the spirit of the law to facts which had come to the knowledge of the affiant. The object of the law was to give a remedy when there was in fact reason to believe that the defendant would fraudulently part with his property within the time specified.

This is an appeal from a judgment of the Circuit Court of Duval county.

The plaintiffs, William G. Zinn, Herman D. Aldrich, Jr., John H. Bradley, Thomas W. Darling and John S. Aldrich, by their agent J. A. Lee, made and filed an affidavit, stating that "the defendant is justly indebted to plaintiffs in the sum of one thousand eight hundred and twenty-nine 95-100 dollars, which amount is now actually due; and that he has reason to believe that the said Louis Dzialynski will fraudulently part with his property before judgment can be recovered against him." Upon which affidavit a writ of attachment was issued. The defendant traversed this affidavit, and says that "the affidavit made and filed by J. A. Lee, agent for the plantiffs, is untrue, wherein it alleges that the defendant is indebted to the plaintiffs in the sum of $1,829.-95, and that the same is actually due; and that the said

affidavit is also untrue wherein it alleges that the said J. A. Lee has reason to believe that the defendant will fraudulently part with his property before judgment can be recovered against him."

A jury was called to try the issues, and on hearing the testimony of the parties, and the charge of the court, a verdict was rendered against the plaintiffs, whereupon the writ of attachment was dissolved.

The charge of the court to the jury was as follows: "In this case the plaintiffs must prove the amount named in the affidavit, $1,829.95, is actually due; and that he has reason to believe the defendant will fraudulently part with his property before judgment can be recovered against him. Fraud is never presumed, but must be proven."

To the first paragraph of the charge, that the plaintiffs must prove that the sum of $1,829.95 is actually due, the plaintiffs' counsel excepted. The evidence discloses that the indebtedness claimed was upon two promissory notes, dated at New York, for $911.35 and $860.96, payable at Jacksonville, and an open account of about $200, and interest, with a credit of $200 paid. The amount of $1,829.95, as computed by the affiant Lee, agent of plaintiffs, was made up by including about fifteen dollars of interest, accrued at the time he presented the claim to defendant, and which he says the defendant acknowledged to be correct, and adding interest thereon up to the time of commencing suit, being some three or four months. The amount actually due, as shown by the evidence, interest on the notes being computed at 8 per cent., (Florida rate,) and on the account at 7 per cent., (New York rate,) was $1,823,67. The defendant testified that he had paid some money and sold some good to one Mr. Moseley, plaintiffs' agent, on account of plaintiffs, amounting to about $45, which deducted from plaintiffs' demand as proved, shows the balance actually due $1,778.67, being $51.28 less than the amount stated in the affidavit. From the order dissolving the attachment this appeal is presented.

*Bisbee* and *Archibald* for Appellants.

*Sanderson & L'Engle* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

The law under which this writ was issued was the act of December 20, 1859. It required the affiant to state "that the amount of the debt or sum demanded is actually due."

The charge of the court required the jury to find that not less than the precise amount named in the affidavit was actually due. We cannot agree to this construction of the law. It is required, of course, that the indebtedness must be actually due, that is, that the day of payment had arrived according to the contract, but it is not required by the spirit of the law that if, by an error of the agent in making a computation upon a statement admitted by the defendant to be correct, it should appear that there were a few dollars or a few cents more or less actually due than was stated in the affidavit, the plaintiffs should fail though the grounds upon which the attachment was obtained might be amply proved.

If the amount sworn to be due is sufficient to give the court jurisdiction of the subject matter, and the other grounds for issuing the writ are sufficient to meet the requirements of the law, the writ should not be discharged unless the discrepancy between the amount claimed and the amount proved is so material as to warrant the imputation of fraud or bad faith on the part of the plaintiffs.

The respondent urges that a plaintiff might, for a debt of one dollar, attach property worth one thousand dollars, and thus work great loss and damage to a defendant. This is quite true, and the plaintiff might also be thereby guilty of perjury, in addition to fixing himself and sureties in the attachment bond for all the actual damages sustained. The bond required is deemed ample security for all the damages which a defendant " may sustain in consequence of improp-

erly suing out said attachment." The defendant in his tes-
timony does not deny what the plaintiffs' witness, Lee, states
in his testimony, that he admitted to Lee that the amount
of the account presented to him, and upon which the witness
computed the interest on commencing the suit, was due, nor
does he pretend that he then claimed to offset the amount
which he testifies he paid Mr. Mosely in the previous autumn.
He is therefore estopped from insisting upon this reduction
of the amount due, as a ground for quashing the attach-
ment.

Upon this branch of the case, therefore, we are of opinion
that the charge of the court was erroneous.

The residue of the charge is not excepted to. The ques-
tion raised by the issue covered by the latter portion of the
charge was, whether there was at the time of taking out
the attachment reason to believe that the defendant would
fraudulently part with his property before judgment could
be recovered against him. The issue is not confined to facts
which came to the knowledge of the affiant.

Such was not the purpose of the law. The object of the
law is to give a remedy when there is in fact reason to be-
lieve that there would be a fraudulent parting with the prop-
erty within the time specified. The old statute required a
positive oath. The statute of 1859 modified this so as to
enable the party to obtain an attachment without having to
take an oath absolute in its character. A man could not
well swear positively that a defendant would fraudulently
part with his property within a given time, and conscientious
men would hesitate before taking such an oath, while he
might very properly swear that he had reason to believe it.
The purpose of the statute was to correct this evil, but it was
not its purpose to restrict the evidence going to show facts
within the affiant's knowledge.

Several questions arose during the progress of the trial
upon the materiality of testimony offered by the respective

parties and received or rejected. As to the ruling of the court in rejecting testimony offered, we do not think it would have materially affected the case if the ruling had been otherwise; and as to the proof admitted against objections, although some of it did not concern the issue, it was not of such a character as to have necessarily affected the verdict under the charge of the court. It is sufficient to suggest that the evidence should be confined to the issue presented by the opposing affidavits under the law.

It was suggested upon the hearing that the testimony and proceedings before the jury were not before this court, because, what purported to be a bill of exceptions, was not such, as it was not signed by the judge. The original bill of exceptions, however, sent up under the order of the circuit judge, is properly signed.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings according to law.