Reese v. Damato.—Syllabus.

### No. 1.

1  Under special rule two, for making up transcripts of records in civil causes for the appellate court, the transcript should not contain any papers, matters or proceedings that are not necessary for a clear and full presentation of some point or question raised by the assignments of error to be relied on in the appellate court; and where in an attachment suit the issues upon which the trial was had arose upon the traverse of the attachment affidavit, and under the directions of the plaintiff in error, with no ad-

Reese v. Damato.—Syllabus.

ditional directions from defendant in error, the transcript sufficiently shows the jurisdictional facts to authorize the court to determine the questions presented on the issues raised, it will be sufficient.

2. An affidavit in attachment alleged that defendant in attachment, on a certain date, was and still is indebted to affiant in a certain sum of money, and that the same was on the date mentioned, and still is, actually due, and that affiant on said date had reason to believe that said defendant would frudulently part with his property before judgment could be obtained against him; and that said defendant was on said date fraudulently disposing of his property; and that on said date said defendant was secreting his property. Defendant filed a traverse affidavit that on the date mentioned he did not intend to fraudulently part with his property before judgment could be obtained against him, nor did he contemplate fraudulently parting with his property before judgment could be obtained against him; that he was not on the date mentioned fraudulently disposing of his property; that he was not on the date mentioned secreting his property. The trial court ruled that the traverse affidavit was sufficient: Held, that the ruling was erroneous, as the defendant should have traversed the averment in the attachment affidavit that affiant had reason to believe in the grounds of attachment stated.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*R. H. Liggett,* for Plaintiff in Error.

*M. C. Jordan and A. W. Cockrell & Son,* for Defendant in Error.

MABRY, J.

Plaintiff in error sued defendant in error in assumpsit, the declaration containing a special count on a check for $231.43, and also common counts for like sums.

Subsequent to the issuance of the summons *ad respondendum* and the filing of the declaration, plaintiff made a motion, reciting therein that it was made before the court had ruled on motion of defendant to dissolve the attachment issued in the cause, for leave to file an amended affidavit in attachment in lieu of the original one filed therein, and the court granted the motion.

The amended affidavit made by plaintiff in 1896 before a notary public in the State of Kentucky, stated that defendant, Joseph Damato, on the twenty-fifth day of July, 1896, (the day on which it is recited in the transcript that the original affidavit was filed), was, and still is, indebted to affiant in a certain sum of money, and that the same was on the date mentioned, and still is, actually due, and affiant on said date had reason to believe that said defendant would fraudulently part with his property before judgment could be obtained against him; and that said defendant was on said date fraudulently disposing of his property; and that on said date said defendant was secreting his property. The attachment bond was filed at the time of filing the original affidavit.

Defendant, Damato, filed an affidavit as follows: 1st. That on the twenty-fifth day of July, 1896, he did not intend to fraudulently part with his property before judgment could be obtained against him, nor did he contemplate fraudulently parting with his property before judgment could be obtained against him.

2nd. That he was not on the twenty-fifth day of July, 1896, fraudulently disposing of his property.

3rd. That he was not on said twenty-fifth day of July, 1896, secreting his property.

Plaintiff moved the court to strike from the files the said affidavit on the following grounds: 1st. Because it does not traverse any allegation in the affidavit for attachment, or state that any allegation in said affidavit is untrue.

2nd. Because it does not tender any issue to be determined. This motion was denied, and plaintiff demurred to the affidavit on the grounds stated in the motion to strike. The court overruled the demurrer, and, the cause having been submitted to a jury, a verdict was rendered for the defendant, and a final judgment entered in his favor.

There was a motion for a new trial overruled on the ground, among others, that the charge of the court to the jury was contrary to law, and the ordinary bill of exceptions exhibits this charge and one refused, together with a hypothecated state of facts upon which they were based.

Among the assignments of error upon which the transcript was made up are the following: the court erred in overruling the motion of plaintiff to strike the traverse affidavit; the court erred in overruling the demurrer to said affidavit; and the charge of the court was contrary to law, and the court erred in refusing the one requested by defendant. The only direction given for making up the transcript called for the declaration in the cause, the amended attachment affidavit, the attachment bond, the traverse affidavit, the motion to strike the traverse affi-

davit and order thereon, the demurrer to the affidavit and order thereon, the verdict of the jury on motion to dissolve the attachment, the judgment of the court on the verdict, certain charges given and refused, and certain other matters occurring subsequent to the trial. The issuance of summons *ad respondendum*, its service on defendant and his appearance are recited.

There is a preliminary contention on part of defendant in error that the transcript fails to exhibit certain jurisdictional facts necessary to enable this court to determine the assignments of error presented by plaintiff in error. It is argued that the original affidavit in lieu of which the amended one was authorized to be filed is not exhibited; that the attachment writ is not shown to have been levied upon property; that the attachment bond is signed only by one surety, a guaranty company, and that the amended attachment affidavit was made before a notary public in the State of Kentucky, and that on this state of the record we should hold that the court below had no jurisdiction to try the issue tendered by defendant's affidavit. The transcript shows that there was an original affidavit and an attachment, and the amended affidavit authorized to be filed is set out, to which defendant replied by affidavit, and on which the trial was had resulting in a judgment in favor of defendant. The disposition of the case in favor of defendant was entirely upon the amended affidavit of plaintiff, and the affidavit filed by the defendant, and it is not shown that any of the objections suggested by defendant in error were raised in the court below.

Special rule two for making up transcript in civil causes provides that no transcript in a civil cause, either

at law or in equity, made up for the appellate court shall contain any papers, matters or proceedings that are not necessary for a clear and full presentation of some point or question raised by the assignment of errors to be relied on in this court.

Defendant in error gave no additional directions to the clerk to incorporate any papers or matters into the transcript, and it does not affirmatively appear that the original affidavit filed was of such a character as to be incapable of amendment, or that the attachment writ was not levied in pursuance of its command. The transcript, in our opinion, sufficiently shows the jurisdictional facts to authorize the court to determine the questions presented on the trial of the alleged traverse of the defendant to the amended affidavit filed by plaintiff, and the preliminary contention made must, therefore, be considered without foundation or merit.

We are of the opinion that the court committed an error in holding that the affidavit tendered by the defendant was a sufficient traverse under our statutes to the amended affidavit of attachment filed by the plaintiff. Whether a motion to strike the affidavit, or a demurrer thereto, is the proper way to reach its defects, is immaterial in this case, as we have both a motion and a demurrer questioning its sufficiency.

Section 1637 Revised Statutes provides, among other grounds for an attachment, that a creditor may have an attachment upon a debt actually due to him by his debtor whenever the debtor will fraudulently part with his property before judgment can be obtained against him; when he is secreting his property, and when he is fraudulently disposing of his property. This section appears to be a

revision of Chapter 998, laws of 1859, and as a further revision of it we have section 1642 Revised Statutes, providing for the affidavit in such cases as follows: "In cases where the debt is actually due, such affidavit shall state the amount of the debt or sum demanded, that the same is actually due, and that the affiant has reason to believe in the existence of one or more of the special grounds hereinbefore enumerated in section 1637, stating specially such ground or grounds."

In reference to the dissolution of attachments we have a revision of the fifth section of the act of February 15th, 1834, embodied in section 1656 Revised Statutes providing, among other things, that "in any case upon oath in writing made by the defendant and tendered to the court that any allegation in the plaintiff's affidavit is untrue, a trial of such traverse shall be had, and if the allegation in the plaintiff's affidavit which is traversed is not sustained and proved to be true, the attachment shall be dissolved." In case the affidavit shall traverse the debt or sum demanded, the trial judge may, upon demand of either party, require formal pleadings as to the debt or sum demanded, and the section further provides that "upon the demand of either party a jury, to be summoned from the body of the county, upon the order of the judge, shall be empanelled to try the issue joined as aforesaid; but a Circuit Judge shall not be required in vacation to go to any county in which he does not reside to try any such motion to dissolve."

It has been decided by this court under the statute of 1859, revised in sections 1637 and 1642 Revised Statutes, that in case of an attachment for a debt actually due and

44 S. C.

the affiant made oath that he had reason to believe the defendant would fraudulently part with his property before judgment could be obtained against him, and the defendant denied on oath the several allegations in the affidavit, the issues to be tried are whether the defendant was indebted as alleged, and whether the *affiant had reason to believe* that defendant would fraudulently part with his property before judgment could be obtained against him. Meinhard Brothers & Co. v. Lilienthal, 17 Fla. 501; Eckman v. Munnerlyn, 32 Fla. 367, 13 South.. Rep. 922. It was held in Zion v. Dzialynski, 13 Fla. 597, that the issue made under the statute referred to was. not confined within the spirit of the act to facts which. had come to the knowledge of the affiant,, and its object was to give a remedy when there was in fact reason to believe that the defendant would fraudulently part with his property within the time specified. We are of opinion that the construction placed upon the act of 1859 is appliacble to it as revised and arranged in the present Revised Statutes. With the exception as to the debt or sum demanded, in reference to which the court may make special regulations, the statute contemplates that the issue shall be made by the affidavit for the attachment, stating a debt or sum actually due, and that affiant has reason to believe in the existence of one or more of the grounds of attachment provided, and the affidavit of defendant denying the allegations in plaintiff's affidavit to be true, and the trial is to be had upon such traverse. The plaintiff has the right to have put in issue and determined all the facts that would entitle him to maintain his attachment under the statute, and the defendant has no right to restrict the issue so as to deprive him of this.

right.   The statute in providing the grounds for attach-
ment authorizes the writ when the debtor "will fraudu-
lently part with his property before judgment can be ob-
tained against him," &c., but when his acts and conduct
are such as justify the conclusion of such a frudulent
parting with his property, he should be bound by them.
It was held in Meinhard Brothers & Co. vs. Lilienthal,
*supra,* that when the conduct and acts of the defendant
debtor shown by the evidence are such as would induce a
prudent business man on learning the facts to suspect and
believe that he would part with his property frudulently
before judgment could be recovered against him, in the
absence of contradictory evidence, a verdict for defen-
dant would be against the law and the evidence.   The
mere fact that the plaintiff in attachment has been credi-
bly informed that the defendant was going to fraudu-
dently part with his property, or that he had done so,
would not justify the sustaining of the writ, but if it can
be shown that such were the facts, or that defendant had
so acted and conducted himself as to justify a reasonable
and well founded belief of their existence, the suit of at-
tachment should be sustained.   In the present case we
are advised by the instructions given by the court that
the issue tried on the respective affidavits was confined
to the question whether the defendant would actually part
with his property fraudulently before judgment could be
obtained against him, or had actually disposed of his
property fraudulently, or was actually secreting the same,
and this view of the issue was, doubtless, induced by the
nature of the traverse tendered.   The defendant should
have traversed the averment in the affidavit that the
plaintiff *had reason to believe* in the grounds of attach-

ment stated, and in permitting the traverse tendered the court was in error.

The judgment will be reversed with directions to proceed in accordance with this opinion, and an order will be entered accordingly.