■ PHILIPPE L. MAITREJEAN et al., Respondents, v. LEVON PROPERTIES CORPORATION et al., Appellants.— In an action to recover for damage to real property (erosion of beachfront land), defendants appeal from three orders of the Supreme Court, Suffolk County, dated January 17, 1974, January 29, 1974 and April 19, 1974, respectively, which granted plaintiffs' motion for an order of attachment and adhered to this decision upon reargument. Appeal from order dated January 17, 1974 dismissed as moot as that order was superseded by the corrected order of January 29, 1974. Appeal from order dated January 29, 1974 also dismissed as moot as that order was superseded by the order of April 19, 1974, granting defendants' motion for reargument but adhering to the order of January 29, 1974. Order dated April 19, 1974 and made upon reargument reversed, on the law and the facts and in the exercise of discretion, and order of attachment vacated. One bill of $20 costs and disbursements is awarded to cover all the appeals. Plaintiffs, individual homeowners with property abutting the Long Island Sound in Mattituck, have brought this action against defendants Levon Properties Corp., a domestic corporation, and Curtiss-Wright Corp., a foreign corporation, to recover for damage caused to their beachfront lands. Levon is an alleged subsidiary of Curtiss-Wright and plaintiffs claim that these defendants deprived their lands of natural sand replenishment, causing serious erosion of their beaches, by the construction and maintenance of two stone jetties, which extended 500 feet beyond the mean high water mark, on a 525-acre tract owned by Levon and abutting the sound at a point west of plaintiffs' properties. During the course of this proceeding, plaintiffs moved for an order of attachment on the ground that Curtiss-Wright was a foreign corporation and that Levon was about to sell its only asset, the 525-acre tract, and dispose of the proceeds, with intent to defraud its creditors (CPLR 6201, subds. 1, 4). Actually, the land in question had already been sold and the impending sale had been publicized in the newspapers months before. By what appears to be a "corrected" order, dated January 29, 1974, Special Term granted the attachment against any property of the defendants unless the latter posted a bond in the amount of $250,000. Thereafter, defendants moved for reargument. Special Term granted reargument but adhered to the order of January 29, 1974. In our view, the attachment must be vacated as against both defendants. As respects defendant Levon, plaintiffs have failed to establish any intent to defraud creditors. Such intent may not be presumed from the mere disposition or removal of property (*Eaton Factors Co.* v. *Double Eagle Corp.*, 17 A D 2d 135). As respects defendant Curtiss-Wright, it is conceded that the latter is not immune from attachment merely because it is authorized to do business in New York and, in fact, does so (see *Prentiss* v. *Greene*, 193 App. Div. 672; *Zeiberg* v. *Robosonics, Inc.*, 43 Misc 2d 134). However, this drastic remedy is not necessary here for either jurisdictional (Curtiss-Wright having previously appeared and answered) or security purposes (see CPLR 6223). Curtiss-Wright, as demonstrated by its

papers below, is a nationally prominent firm, listed on the New York Stock Exchange, with assets exceeding $200,000,000. It has been authorized to do business in New York since 1936, operates a facility in Buffalo which does business in excess of $8,000,000 per year, owns 1,600 acres of land in the State and has substantial sums in New York banks. The attachment remedy being discretionary, we hold that Special Term improvidently exercised its discretion in granting attachment of Curtiss-Wright's property on these facts (see *Black Clawson Co.* v. *Heede Int.*, 39 A D 2d 863). Martuscello, Latham and Christ, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm. Munder, J., not voting.