SCHWARTZ, Chief Judge.
The trial court denied a motion to dissolve a writ of attachment of a cargo aircraft for the payment of an admittedly due debt owed by the defendant carrier to the plaintiff, a Colombian bank.[1] We reverse on the holding that the sole statutory grounds asserted to justify the attachment, that the debtor “[i]s actually removing” or “[i]s about to remove his property out of the state,” Sec. 76.04(2)(3), Fla.Stat. (1983), do not apply when, as in this case in which the plane is being regularly flown between Miami and Colombia, the property is transported outside the state only in the ordinary course of a business which involves its prospective, regular return to this jurisdiction. Haber v. Nassitts, 12 Fla. 589 (1868), citing with approval Russell v. Wilson, 18 La. 367, holding that under a statute which “authorized an attachment where ‘the debtor is about to remove his property out of the State before the debt becomes due [,] ’... the fact that the defendant was about to remove a steamboat, his property, out of the State, engaged in her regular trips, was not sufficient where there was no fraud or intended fraud. 18 La., 367.” 12 Fla. at 612; see Shelton v. Kindred, 279 So.2d 642 (Miss. 1973); 7 C.J.S. Attachment § 36 (1980)(“The removal contemplated is a permanent taking away and not a mere temporary removal or use of the property by the owner outside of the state.”). In this instance, the very basis for providing the attachment remedy in the first place—to assure the availability of *933 a given asset at the time of final judgment, 7 C.J.S. Attachment § 2a — does not exist since, insofar as the legally pertinent facts show, the plane will be in Florida in due course when that time arrives.
No error has been demonstrated in the separate order denying the motion to dissolve a writ of garnishment. It is therefore affirmed.
Reversed in part, affirmed in part.

. We review the order by non-final appeal pursuant to Fla.R.App.P. 9.130(a)(3)(C)(ii).