PER CURIAM.
Estudios, Proyectos e Inversiones de Centro America, S.A., (EPICA) challenges the trial court’s order denying its motion to dissolve a prejudgment writ of attachment securing EPICA’s property and its finan *1120 cial records.[1] We affirm the order insofar as it maintains the attachment of EPICA’s assets but dissolve the portion authorizing the attachment of EPICA’s records.
The underlying action involves credit extended by Banque Nationale de Paris (BNP) to Administración Central Industrial y Agropecuaria, S.A. (ACIA). Raul Garcia Granados, along with other individuals and corporations, guaranteed payment of notes executed by ACIA. BNP is alleged to have assigned 32% of its interest in the notes to Swiss Bank Corporation (Overseas) S.A. (SBC). The suit, between SBC and the numerous defendants who are alleged to be either debtors or guarantors, arose after ACIA defaulted on the notes at the end of 1984.
SBC filed an emergency motion for attachment simultaneously with its complaint. The trial judge granted the writ of attachment and the sheriff executed the writ by seizing El Conquistador Farms, a horse-breeding farm in Ocala, Florida, which is ostensibly owned by EPICA. The sheriff also seized horses and other personal property and business records. EPICA filed a motion for dissolution of the writ of attachment which the court denied after a hearing. EPICA then brought this appeal.
When a defendant files a motion to dissolve a writ of attachment, the motion must be granted “unless the plaintiff proves the grounds upon which the writ was issued and a reasonable probability that the final judgment in the underlying action will be rendered in his favor.” § 76.24, Fla.Stat. (1985). On appeal EPI-CA does not challenge the trial court’s decision that SBC met its burden by proving both the grounds upon which the writ was issued, that EPICA was removing its property from the state, and that SBC enjoyed a reasonable probability of prevailing in the underlying action. Instead, EPICA contends that prejudgment attachment is properly granted only against a debtor. Since EPICA is not SBC’s debtor, EPICA argues, SBC was not entitled to the attachment remedy and the trial court erred by denying its motion to dissolve the writ of attachment.
On appeal, as below, SBC does not dispute that EPICA was neither a debtor nor a guarantor on the original debt. SBC asserts, however, that attachment was proper because EPICA is in essence Grana-dos’ alter ego. As such, EPICA and Gra-nados are to be treated as one and the same. Consequently, the attachment of EPICA’s property grounded upon a debt owed by Granados was proper and the trial court correctly denied EPICA’s motion. We agree with SBC.
A corporation’s veil will be pierced where the corporation’s controlling shareholder formed or used the corporation to defraud creditors by evading liability for preexisting obligations. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Aztec Motel, Inc. v. State ex rel. Faircloth, 251 So.2d 849 (Fla.1971); Gross v. Cohen, 80 So.2d 360 (Fla.1955); Ramey v. Koons, 230 F.2d 802 (5th Cir.1956); Freehling v. Nielson (In re F & C Services, Inc.), 44 B.R. 863 (Bankr.S.D.Fla.1984); Walter J. Kassuba Realty Corp. v. Hemmerle (In re Kassuba), 10 B.R. 309 (Bankr.S.D.Fla.1981). The usual result of piercing the corporate veil is that the controlling shareholder or shareholders become liable for the corporate liabilities, e.g., Levenstein v. Sapiro, 279 So.2d 858 (Fla.1973). The remedy is equally available, however, to hold the corporation liable for the debts of controlling shareholders where the shareholders have formed or used the corporation to secrete assets and thereby avoid preexisting personal liability. In re Kassuba, 10 B.R. at 312. Where a creditor proves that a controlling shareholder organized or used the corporation to deceive or defraud his personal creditors, the separate corporate existence will be disregarded and the corporation and the shareholder will be *1121 treated as one and the same. In the context of prejudgment attachment, once a sufficient showing has been made that the corporation is the alter ego of the debtor, the corporation is treated as the debtor and its property may be attached to ensure that the final judgment will be satisfied should the creditor ultimately prevail. See Paul v. Palm Springs Homes Inc., 192 Cal.App.2d 858, 13 Cal.Rptr. 860 (1961); cf. Worldwide Carriers, Ltd. v. Aris S.S. Co., 301 F.Supp. 64 (S.D.N.Y.1968) (prejudgment writ of attachment upheld against property of independent corporations proven to be the alter egos of corporation which breached charter party). But cf. Stride Corp. v. Thai Teak Prods. Co., 493 F.Supp. 1210 (E.D.Penn.1980) (post-judgment garnishment procedure unconstitutional as applied against nonparty corporation alleged to be alter ego of judgment debtor).
There is substantial record support to sustain the trial court’s decision piercing EPICA’s corporate veil. Although Grana-dos vehemently denies it, the evidence clearly shows that (1) Granados controls and owns a controlling interest in EPICA, and (2) Granados created EPICA and transferred his ownership of the farm to EPICA in 1981 in order to use the corporation to secrete his personal assets and thereby defraud his creditors. The evidence presented on the motion to dissolve the attachment supports the conclusion that Granados formed and used EPICA to defraud his creditors. Our decision is buttressed by a secret document, which Granados admits to having written, which plainly reveals that Granados owns all of the EPICA shares. The same document also reveals that Gra-nados has established an intriguing and complicated network of foreign corporations, which he secretly controls, for the express purpose of hiding his and his family’s personal assets from their creditors. EPICA is one of these corporations.
Since EPICA is Granados’ alter ego, EPI-CA is in essence SBC’s debtor. Consequently, the trial court correctly granted the writ of attachment securing EPICA’s property so as to provide available funds to satisfy a possible judgment against Granados. Cf. In re F & C Services, Inc., 44 B.R. at 863 (trustee in bankruptcy entitled to property owned by corporation which trial court determined to be the alter ego of debtor). It follows, therefore, that the trial court correctly denied EPICA’s motion to dissolve the writ of attachment authorizing the seizure of its property.
We agree with EPICA’s contention that the portion of the trial court’s order which authorized the attachment of EPI-CA’s financial and property records is erroneous. Attachment, a remedy designed to ensure the availability of assets to satisfy a possible final judgment, see § 76.13 Fla.Stat. (1985), is only properly directed at securing a debtor’s “goods and chattels, land and tenements.” § 76.01, Fla.Stat. (1985). Consequently, the portion of the trial court’s order denying EPICA’s motion to dissolve the writ of attachment as far as it secures EPICA’s records was erroneous. See Cerna v. Swiss Bank Corp., 503 So.2d 1297 (Fla. 3d DCA 1987).[2]
In summary, we reverse the order denying EPICA’s motion to dissolve the writ of attachment insofar as it maintains the attachment of EPICA’s financial and property records, and affirm the order in all other respects. Finally, we find EPICA’s last point on appeal to be without merit. Accordingly, the non-final order under review is
Affirmed in part, reversed in part and remanded for further proceedings.

. We review this non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). See Transportes Aereos Mercantiles Panamericanos, S.A. v. Banco Cafetero, 451 So.2d 932 (Fla. 3d DCA 1984). At the sug-gestión of the parties, the record in this appeal is supplemented by the appendices filed in pri- or, related non-final appeals designated case numbers 86-298 and 86-1553.

. In Cema, a case related to the instant case, this court upheld a trial court order denying a motion to dissolve a prejudgment writ of attachment which had been granted against a third party, who was not indebted to the creditor. This court held that prejudgment attachment is properly granted against the third party where the debtor has fraudulently transferred property to the third party in an effort to evade preexisting liability.