S & G PRESS, INC., a Nevada Corporation; Haljak Leasing Company, a California General Partnership; Harold A. Small; Muriel T. Small; Jack Gautreaux; and Michele Gautreaux, Plaintiffs,

v.

HARRIS GRAPHICS CORPORATION, a Delaware Corporation; and U.S. Concord, Inc., a New York Corporation, Defendants.

**No. C–89–2768 SAW.**

United States District Court,
N.D. California.

Sept. 14, 1989.

Robert Ernest Gyemant, Dennis A. Babbits, David S. Markun, Law Offices of Robert Ernest Gyemant, San Francisco, Cal., for plaintiffs.

Dinkelspiel & Dinkelspiel, Jeffrey Wong, Thomas Hesketh, Jeffrey Brandstetter, George A. Yuhas, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This case involves a contract dispute over the purchase of a printing press. Plaintiff Haljak Leasing Co. bought the press from defendant Harris Graphics Corp., and then leased the press to plaintiff/counter-defendant S & G Press, Inc. Defendant/counterclaimant U.S. Concord, Inc. financed Haljak's purchase of the press upon a guarantee by plaintiffs/counterdefendants S & G Press, Inc., Harold A. Small, Muriel T. Small, Jack Gautreaux, and Michele Gautreaux of the note and security agreement between U.S. Concord and Haljak.

Plaintiffs allege that the press was never able to perform at a commercially acceptable level, resulting in the loss of a major client and other damages. Plaintiffs further allege that U.S. Concord conspired with Harris Graphics not to disclose to plaintiffs at the time the purchase was made that other purchasers of similar presses from Harris were experiencing difficulties.

Apparently, Haljak has defaulted on the note and security agreement with U.S. Concord, and plaintiffs/counterdefendants refuse to pay their guaranties. U.S. Concord now applies for a right to attach order and order for issuance of writ of attachment against the plaintiff/counterdefendants in the amount of $16,423,759.36. The Court finds this remedy to be inappropriate.

### I.

The parties disagree over whether New York or California law applies. A U.S. district court, addressing a motion for prejudgment attachment in a diversity action, applies the law of the state in which

the district court sits. Fed.R.Civ.Pro. 64. Under California law, the parties may agree as to choice of law as long as the law of the state selected bears a reasonable relation to the commercial transaction. Cal.Com.Code § 1105. Here, the parties in their guaranties have agreed that New York law shall govern. The Court, therefore, will apply New York law.[1]

## II.

The Civil Practice Law and Rules of New York provide that, in order to obtain an order of attachment, a plaintiff must demonstrate: 1) that there is a cause of action; 2) that plaintiff will succeed on the merits; 3) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff; and 4) that one or more of the grounds for attachment provided in Section 6201 exist. N.Y.Civ.Prac.L. & R. 6212(a). Counterclaimant U.S. Concord fails to demonstrate that any of the grounds for attachment provided in Section 6201 are satisfied.

Section 6201 provides four grounds for attachment, but only one is relevant to this case. Under Section 6201(1), a court may order an attachment against a defendant who is a "nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state." This provision serves two independent purposes: to obtain jurisdiction over a nonresident, and to provide adequate security for a potential judgment against a nonresident. *Cargill, Inc. v. Sabine Trading & Shipping Co, Inc.*, 756 F.2d 224, 227 (2d Cir.1985); *ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 220 (2d Cir.1983).

Although counterdefendants are nonresidents, neither of the statutory concerns exists in this action. Counterdefendants have already submitted to the jurisdiction of the Court. Further, U.S. Concord has made no showing that attachment is necessary to its security. It has present-ed no evidence suggesting that counterdefendants would conceal or convert any of their assets were it not for an attachment order. Additionally, the Court already has jurisdiction over counterdefendants' property in California. Prejudgment attachment, therefore, is inappropriate in this case. *See, e.g., Maitrejean v. Levon Properties Corp.*, 45 A.D.2d 1020, 358 N.Y.S.2d 203 (1974) (attachment against foreign corporation not available where unnecessary either for jurisdictional or security purposes). Moreover, the Court notes that prejudgment attachment is a discretionary remedy. *See Merrill Lynch Futures, Inc. v. Kelly*, 585 F.Supp. 1245, 1259 (S.D.N.Y. 1984). Because U.S. Concord has offered no reasons why counterdefendants would be unlikely to satisfy the potential judgment, this application is denied.

Accordingly,

IT IS HEREBY ORDERED that defendant/counterclaimant's application for right to attach order and order for issuance of writ of attachment is DENIED.

---

1. Each of the guaranties provides that: "This guaranty shall be governed by and construed in accordance with the laws of the State of New York. The parties ... agree that actions arising out of this guaranty may be litigated under the laws of ... the State of New York."