562 So.2d 715 (1990)
HORDIS BROTHERS, INC., Appellant,
v.
SENTINEL HOLDINGS, INC., Appellee.
No. 90-593.
District Court of Appeal of Florida, Third District.
April 24, 1990.
Rehearing Denied June 26, 1990.
Herzfeld & Shapiro and Myron Shapiro and Judy D. Shapiro, Miami, for appellant.
*716 Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Rodger Traynor, Jr., Miami, for appellee.
Before HUBBART, COPE and LEVY, JJ.
COPE, Judge.
Hordis Brothers, Inc. petitions for a writ of certiorari seeking relief from a prejudgment writ of attachment issued by the trial court. Because the writ of attachment determines the right to immediate possession of property, we treat the petition as an interlocutory appeal pursuant to Rule 9.130(a)(3)(C)(ii), Florida Rules of Appellate Procedure. As Hordis' position is well taken, we quash the attachment.
Hordis is a corporation engaged in the manufacturing of glass products. It owns and operates a manufacturing plant in Hillsborough County, Florida. Hordis is incorporated under the laws of Pennsylvania and has its principal place of business outside of Florida.
Sentinel Holdings, Inc. is a wholesale distributor of imported glass products, and is one of Hordis' suppliers. In November, 1989 Sentinel brought suit, alleging nonpayment of $406,000 due on goods sold to Hordis.
In February, 1990 Sentinel Holdings filed an emergency verified motion for attachment before judgment. The affidavit recited Sentinel's understanding that Hordis was about to sell all of its assets in Florida and thus was in the process of actually moving itself out of the state within the meaning of the attachment statute. See § 76.04(2), (3), Fla. Stat. (1989). The affidavit also recited that Hordis does not reside within this state. See §§ 76.04(4), Fla. Stat. (1989). Sentinel requested attachment of Hordis' real estate holdings in Dade and Broward Counties.
The trial court conducted two hearings at which argument of counsel was heard. Hordis produced a corporate representative and requested an evidentiary hearing, but the trial court declined to take evidence. Hordis submitted an affidavit which explained that it is a wholly owned subsidiary of HGP Industries, Inc.; that HGP was negotiating to sell Hordis to another manufacturing company; that the Florida operations would continue uninterrupted under current management; that no assets would be removed from the State of Florida; that the claim of Sentinel Holdings against Hordis had been fully disclosed to the buyer; and that if Hordis were indeed sold, the buyer would take subject to, and would expressly assume, Hordis' liability to Sentinel.[1]
The trial court ordered Hordis to post a bond by a date certain, failing which a prejudgment writ of attachment would issue. When the bond was not posted, the writ issued for attachment of Hordis' manufacturing plant in Hillsborough County and certain equipment contained therein. This appeal followed.
Turning first to a procedural issue, Sentinel's motion requested a writ of attachment with respect to property located in Dade and Broward Counties. As issued, the writ of attachment is directed only to Hordis' property situated in Hillsborough County. See generally § 76.16(1), Fla. Stat. (1989) (authority of court to issue writ directed to property in another county). While it is undisputed that Hordis has a manufacturing plant in Hillsborough County, it was error to issue an attachment where that relief was not requested in the motion.
With respect to the merits, Sentinel contends that Hordis "resides out of the State," § 76.04(4), Fla. Stat. (1989), and that Sentinel is entitled to attachment under the statute. Sentinel argues that the statute grants attachment as a matter of right whenever a debt is "actually due," id. § 76.04, and the debt is owed by a nonresident. Id. § 76.04(4).
Sentinel's reading of the statute is incorrect. First, the purpose of subsection 76.04(4), the nonresident portion of the attachment statute, is to confer in rem or quasi in *717 rem jurisdiction on a Florida court, see F.A. Haber & Co. v. Nassitts, 12 Fla. 589, 609-10 (1869), subject to the limitations set forth in Shaffer v. Heitner, 433 U.S. 186, 199 n. 17, 207-17, 97 S.Ct. 2569, 2577 n. 17, 2581-86, 53 L.Ed.2d 683, 694 n. 17, 699-705 (1977).[2] As Sentinel's action is in personam, not in rem or quasi in rem, subsection 76.04(4) is unavailable to it in this action.
Second, even if that were not so, the statute does not apply to Hordis. In the present case Hordis operates a manufacturing plant within the State of Florida. By virtue of that physical presence here, it "resides" within the State for purposes of the statute. See Shaffer v. Heitner, 433 U.S. at 201-02, 97 S.Ct. at 2578, 53 L.Ed.2d at 696. The fact that Hordis is incorporated in Pennsylvania, and has its principal place of business outside of Florida, is of no moment; the inquiry here is one of presence in this jurisdiction.[3] Sentinel's arguments to the contrary are without merit.[4]
Sentinel also contends that it established entitlement to the writ under subsections 76.04(2) and (3), Florida Statutes (1989), because Sentinel believes that Hordis is actually removing its property from the state or is about to remove its property from the state. To begin with, Sentinel's affidavit is composed entirely of hearsay and was insufficient to support the issuance of the attachment. Sentinel argues that a hearsay affidavit, based entirely on the plaintiff's subjective belief, was approved in Reese v. Damato, 44 Fla. 683, 33 So. 459 (1902). Assuming arguendo that the case can be so read, Sentinel's reliance on it is entirely misplaced.
The Florida Supreme Court held the former attachment statute unconstitutional in Unique Caterers, Inc. v. Rudy's Farm Co., 338 So.2d 1067 (Fla. 1976).[5] Among the infirmities specifically identified by Unique Caterers was the fact that under the former statute, "the writ ... may issue on a conclusory allegation by the creditor that he believes in the existence of one of the grounds for attachment in Section 76.04, Florida Statutes... ." Id. at 1071 (footnote omitted). In response, the legislature amended the statute, which now provides that "a writ of attachment may issue when the grounds relied on for the issuance of the writ clearly appear from specific facts *718 shown by a verified complaint, or a separate affidavit of the plaintiff, and all applicable requirements of s. 76.09, s. 76.10, or s. 76.11 are met." § 76.08, Fla. Stat. (1989) (emphasis added); see ch. 78-38, Laws of Fla.; North Georgia Finishing, Inc. v. DiChem, Inc., 419 U.S. 601, 607, 95 S.Ct. 719, 722, 42 L.Ed.2d 751, 757 (1975) (invalidating Georgia statute, inter alia, because statute allowed affidavit by affiant who "need not have personal knowledge of the facts"); see also Campbell v. Salman, 384 So.2d 1331, 1333 (Fla. 3d DCA 1980) ("affidavit ... based on information and belief rather than personal knowledge... was not admissible into evidence... ."); § 90.604, Fla. Stat. (1989). The plaintiff's affidavit does not meet the standards of the statute or Unique Caterers; the only competent evidence in the file is that submitted by the defendant, which negates the plaintiff's case.
Ignoring the insufficiency of the affidavit, at bottom Sentinel contends that the sale of Hordis by HGP, without more, satisfies the criteria of subsections 76.04(3) and (4), Florida Statutes. That is incorrect. The fact of such a sale does not show that Hordis "is actually removing [its] property out of the state," id. § 76.04(3), or "is about to remove [its] property out of the state," id. § 76.04(4), as those phrases have been construed under the decisional law, see Transportes Aereos Mercantiles Panamericanos, S.A. v. Banco Cafetero, 451 So.2d 932 (Fla. 3d DCA 1984); F.A. Haber & Co. v. Nassitts, 12 Fla. at 609-18, and on the present record the admissible evidence is contrary to Sentinel's position.[6]
Finally, since there may be further proceedings after the decision of this appeal, we note Sentinel's contention that an application for a writ of attachment is invariably made ex parte. We disagree. Section 76.08, Florida Statutes (1989), provides that an attachment is procured "upon motion by plaintiff... ." The same principles applicable to motions generally are applicable in this context. The analogous practice in motions for temporary injunction provides a useful guide. Where, for example, there is reason to believe the property may be concealed or removed before the writ of attachment can be procured, an ex parte application would be proper. See Unique Caterers, Inc. v. Rudy's Farm Co., 338 So.2d at 1070. In the present case, however, Sentinel's motion (a) originally sought to attach real estate, and (b) revealed that the proposed sale of Hordis by HGP would not occur until the following month. In those circumstances the proper procedure was to move for attachment with prior notice, which is the course of action Sentinel followed.
The writ of attachment is quashed.[7]
NOTES
[1] It also appears that Sentinel had retained a security interest in the goods it sold Hordis, but the motion for attachment requested no relief with respect thereto.
[2] According to Haber, the nonresident portion of the statute came into play "when on account of non-residence or other enumerated causes, personal service of process cannot be accomplished... ." 12 Fla. at 609. An example of use of the attachment statute to confer quasi in rem jurisdiction is found in Robinson v. Loyola Foundation, Inc., 236 So.2d 154, 156 (Fla. 1st DCA 1970), which on the facts there presented does not survive Shaffer. Under the jurisdictional theory embodied in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), overruled in part, Shaffer v. Heitner, 433 U.S. at 212 n. 39, 97 S.Ct. at 2584 n. 39, 53 L.Ed.2d at 703, n. 39, attachment of property within a state was a mechanism for conferring jurisdiction over a nonresident. See Shaffer v. Heitner, 433 U.S. at 197-206, 97 S.Ct. at 2576-81, 53 L.Ed.2d at 693-99. See generally VanDerCreek, Jurisdiction Over the Person  the Progeny of Pennoyer and the Future of Asahi, 13 Nova L.Rev. 1287 (1989). The advent of long-arm statutes, which procure in personam jurisdiction over nonresidents, has largely supplanted the need for the more limited quasi in rem jurisdiction. Shaffer has superimposed a minimum contacts analysis for in rem and quasi in rem cases, 433 U.S. at 212, 97 S.Ct. at 2584, 53 L.Ed.2d at 703, with some possible exceptions. Id. at 211 n. 37, 97 S.Ct. at 2583 n. 37, 53 L.Ed.2d at 702 n. 37.
[3] Hordis also contends that a foreign corporation must be treated as residing within Florida when it has qualified to do business here, since section 607.307, Florida Statutes (1989), requires that a corporation so qualified shall "enjoy the same, but no greater, rights and privileges as a domestic [Florida] corporation... ." Since the record before us does not establish Hordis' status in that respect, we need not reach that issue.
[4] To suggest, as Sentinel does, that the statute permits routine prejudgment attachment in in personam cases involving nonresidents, without establishing exigent circumstances warranting prejudgment relief, would call into question the constitutionality of the statute. See MPI, Inc. v. McCullough, 463 F. Supp. 887, 895 (M.D.Miss. 1978); Mississippi Chem. Corp. v. Chemical Constr. Corp., 444 F. Supp. 925, 937 (S.D.Miss. 1977). See generally Shaffer v. Heitner, 433 U.S. at 210, 97 S.Ct. at 2582-83, 53 L.Ed.2d at 701-02.
[5] Unique Caterers was modified with respect to the nature of the requirement for a post-seizure hearing in Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312, 313 (Fla. 1978).
[6] We need not reach Hordis' alternative contention that it was an abuse of discretion to issue a writ of attachment on Hordis' other property where Sentinel had already retained a security interest in the goods sold which are the subject of the underlying lawsuit. See S & G Press, Inc. v. Harris Graphics Corp., 718 F. Supp. 1459, 1460 (N.D.Cal. 1989). Likewise, we do not reach Hordis' contention that the claims here involved should be considered contingent or unliquidated.
[7] Our ruling is without prejudice to Sentinel to move for a writ of attachment based on the statutory grounds, if there is a basis to do so consistently herewith.