[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff has filed a three count complaint based on a commercial lease for premises in Norwalk, Connecticut. The first count claims a breach of lease against the named tenant, the defendant, John Everson and seeks money damages for non payment both before and after the tenant vacated the CT Page 11999 premises. The second count claims unjust enrichment against the defendant, Precision Saw and Mower, Inc. for rent and/or use and occupancy of the same premises during the period the defendant corporation actually occupied the demised premises. The defendant corporation is not a party to nor a guarantor of the lease. The third count claims damages as against the defendant corporation and seeks to hold the defendant corporation liable for the actions of the individual defendant, John Everson, in not paying rent. The third count attempts to allege liability based upon the instrumentally rule and identity rule common to piercing the corporate veil suits. In this case the allegtion [allegation] of the third count profess to state an action for what the plaintiff claims is a "reverse pierce of the corporate veil."
The defendant's filed a Motion to Strike against the Third Count claiming that a "reverse pierce of the corporate veil" seeking to impose liablity [liability] on a corporation for the "bad acts" of a shareholder does not state a claim upon which relief can be granted. The plaintiff claims the issue raised by this Motion to Strike is of first impression in Connecticut and Connecticut does recognize an action based upon a reverse pierce of the corporate veil.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152, Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93
(1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of conclusions or opinion of the pleader. Verdon v. Transamerica Insurance Company, 187 Conn. 363,365 (1982). The courts cannot assume a fact which has not been alleged. Mingachos supra p. 108. The court must construe the facts in the complaint most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
Employing these principles the court must analyze the third count to determine it if the plaintiff has pled sufficient facts to support a claim for relief under the theory of "reverse piercing of the corporate veil."
The plaintiff claims that the reverse pierce theory CT Page 12000 invokes the courts equitable powers. Angelo Tomasso Inc., v.Armor Construction Paving Inc. 187 Conn. 544, 555 (1982). The lawsuit in question is seeking money damages for a breach of lease. This court has serious reservations about granting equitable relief in what is essentially a breach of contract action. Remedies for a breach of contract do not include equitable relief except in unusual cases. Barry v. Posi SealInternational, 36 Conn. App. 1, 16 (September 13, 1994). Equitable relief, such as unjust enrichment, is available when no remedy is available pursuant to a contract. Menardv. Gentile, 7 Conn. App. 211, 215 (1986). It appears to the court that if the plaintiff obtains a judgment against the individual defendant, John Everson, in the contract count, the plaintiff would have proper remedies to seek collection of that judgment against the corporation by attaching or executing against John Everson's corporate shares in Precision Saw and Mower Inc. under the authority of C.G.S. § 52-289 as modified. In addition the corporation can be subject to garnishment proceedings under C.G.S § 52-332 et seq.
There is no case in Connecticut authorizing are reverse pierce of the corporate veil. The usual piercing claim is made by a creditor suing an individual who used a corporation as an instrument of fraud. Saphir v. Neustadt, 177 Conn. 191,209-210 (1979). Connecticut has considered a variation of the piercing theme by discussing an attempt by a insider to pierce the corporate veil to reach an outsider who, personally and not through another corporate entity, exercised a great deal of control over corporate affairs.Angelo Tomasso, Inc. v. Armor Construction Paving Inc., supra 555. In Angelo Tomasso, Inc. although principles of equity were applied, the evidence did not establish a prima facia case for disregarding the corporate entity under either of the two rules recognized in Connecticut; the "identity" rule or the "instrumentality" rule. In dicta, that case did use the phrase "reverse pierce" to describe a situation where an insider may attempt to pierce the corporate veil from within the corporation. Angelo Tomasso, Inc. v. ArmorConstruction Paving Inc. supra, p. 555, Crum v. Krol, 99 Ill. App.3rd 651, [99 Ill. App.3d 651], 425 N.E.2d 1081, [425 N.E.2d 1081] (1981). Roepke v. Western National MutualIns. Co. 302, N.W.2d 350, [302 N.W.2d 350], (Minn. 1981).
The plaintiff cites a leading corporate treatise for CT Page 12001 authority for its third count. Fletcher Cyclopedia of theLaw of Private Corporations, Vol. One 1990 § 41.70. Fletcher references cases that stand for the proposition mentioned in dicta in the Angelo Tomasso, Inc. that a reverse pierce case involves a corporate insider attempting to pierce the corporate veil from within so that the corporate entity and the individual will be considered one and the same. This is not the situation set forth in the case at bar.
The plaintiff points to a Florida case for the proposition alluded to in Fletcher Cyclopedia, that the remedy of reverse pierce may be available to hold the corporation liable for debts of the controlling shareholders, where the shareholders have favored or used the corporation to hide assets and thus avoid preexisting personal liablity [liability]. Estudios, Proyectos, E Inversiones De Centro America,S.A. EPICA v. Swiss Bank Corp. (Overseas) S.A. 507 So.2d 1119
(Fla App. ). No other case has been cited for that proposition either by the plaintiff or in Fletcher. Without determining the issue of Connecticut recognizing an action of reverse pierce, it appears all these cases apply standard piercing the corporate veil requirements.
Connecticut permits piercing the corporate veil on one of two grounds; the "instrumentality" rule or the "identity" rule.
"The instrumentality rule requires . . . proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of the finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contrevention of plaintiff's legal right; and (3) that the aforesaid contract and breach of duty must proximately cause the injury or unjust loss complained of." Zaist v. Olson, 154 Conn. 563, 575 (1967).
The identity rule is applicable "if the plaintiff can show that there was such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, an adherence to the fiction of separate CT Page 12002 identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." Zaist v. Olsen, supra 576.
It is therefore incumbent upon the plaintiff to allege sufficient facts necessary to plead either the identity or instrumentality rule. An examination of the third count of the complaint shows that the plaintiff has attempted to plead both rules and the plaintiff's counsel confirmed that fact in oral argument.
As to the instrumentality rule the plaintiff has pled that named defendant, John Everson, is an officer and director of the corporation as well as majority shareholder. As such the plaintiff claims that John Everson caused the corporation to be in possession of the leased premise, receive profits from the operation of the business at the premises and upon abandoning the premises caused the corporation to continue the same type of business at a different location. These allegations are not sufficient to invoke the instrumentality rule. The circumstances that control is exercised merely through dominating stock ownership is not enough to invoke power to pierce the corporate veil. Hoffman Wall Paper Co. Inc., v. Hartford,114 Conn. 531, 535 (1932). There must be such domination of finances, policies and practices that the controlled corporation has no separate mind, will or existence of its own and is but a business conduit for this principal.Fletcher Cyclopedia of Law of Private Corporation, Vol. 1 1963 p. 205, Zaist v. Olsen, supra 574.
The plaintiff's allegation set forth above fail to meet that standard and to that extent, the plaintiff has failed to allege sufficient facts.
The plaintiff further alleges that "John Everson utilized his control and domination over the corporate defendant to commit fraud and wrong, to perpetuate the violation of a statutory or other positive legal duty, and to commit dishonest and unjust acts in violation of plaintiff's legal rights by permitting the corporate defendant to occupy the premises without paying rent, and by causing the corporate defendant, while under the domination and control of Everson, to abandon the premises as aforesaid and relocate CT Page 12003 to a different location." The lease attached to the pleading, names John Everson as the tenant. The corporate defendant is not the tenant, assignee of the tenant nor a guarantor of the lease. The second count alleges that the corporate defendant is liable by actually being in possession and use of the premises while not paying rent and/or use and occupancy. Other than that claim, the third count does not allege any facts as to how and in what manner the acts of the corporation violated plaintiff's legal rights. Since John Everson is the tenant who signed the lease, his failure to pay rent and abandoning the premises prior to the expiration of the lease, subjects him to a claim for resulting damages. This claim the plaintiff has made in its first count. No other facts have been alleged other than the use of the words "fraud" "wrong", "dishonest and unjust acts" and "domination" and "control." These words are not allegations of fact but are merely legal conclusions.
Allegations of legal conclusions not supportive by facts subject the pleadings to a motion to strike. Mora v. AetnaLife Casualty Ins. Co. 13 Conn. App. 208, 211 (1988).Westport Bank Trust Co. v. Corcoran, Mallin and Aresco,221 Conn. 490, 495 (1992). Simply using the words, fraud or similar words is not enough. A specific allegation setting out the conduct that is claimed to be fraudulent, wrong, dishonest, unjust, controlling or dominating must be made.Dumond v. Denehy, 145 Conn. 88, 91 (1958) Amodio v.Cunningham, supra 83. McAdam v. Shelton, 153 Conn. 278, 283
(1965). Cahill v. Corella, 43 Conn. supra 168, 174 (Connecticut Law Journal, September 27, 1994). The plaintiff's allegations set forth in the prior paragraph failed to meet the factual allegation standard and to that extent the plaintiff has failed to allege sufficient facts.
The plaintiffs attempt to invoke the identity rule by stating the "domination and control constitutes such a unity of interest and ownership between the corporate defendant and John Everson, that the independence of the corporate defendant ceased or had never begun such that an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity, the corporate defendant, to escape liability rising out of an operation or business conducted by John Everson for his own benefit." No facts have been alleged and the above allegations merely track the exact language defining the CT Page 12004 identity rule in Angelo Tomasso, Inc. v. Armor Constructionand Paving Inc. supra 555. For reasons already stated this is not fact pleading but legal conclusion pleading and is subject to a motion to strike.
There must be alleged a sufficient factual basis for a court to pierce the corporate veil. United ElectricalContract v. Progress Builders, 25 Conn. App. 749, 756 (1992).Skylar Ltd Partnership v. S. P. Douthett Co., 18 Conn. App. 245,253 (1989). Connecticut has shown a reluctance to disregard the corporate structure and pierce the corporate veil and it will do only under exceptional circumstances.S.F.A. Folio Collections, Inc. v. Bannon, 217 Conn. 220, 230
(1991). Abandoning traditional notions of corporate law is not favored in Connecticut S.F.A. Folio Collections, Inc. v.Bannon, supra 231. Connecticut's strong public policy regarding the protection of the corporate entity has been expressed in legislation concerning the formation and regulation of corporations and confirmed by multiple trial court and appellate court decisions. Zaist v. Olson, supra 578. Saphir v. Neustadt, supra 209-210. Steiger v. Town ofOld Lyme, CaseBase 89-510846 (February 25, 1994).
The defendant's Motion to Strike is granted.
BY THE COURT
KEVIN TIERNEY, JUDGE